Filed 2/18/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RANDOLPH DARIN ALEXANDER,<br><br>    Defendant and Appellant. | 2d Crim. No. B296184<br>(Super. Ct. No. BA428950)<br>(Los Angeles County) |

In recent years, the Legislature has enacted several new laws that have either rendered formerly mandatory sentence enhancements discretionary (e.g., Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1, 2) [amending Penal Code[1] sections 667 and 1385 to give trial courts discretion to strike prior serious felony enhancements]; Senate Bill No. 620 (Stats. 2017, ch. 682, §§ 1, 2) [amending sections 12022.5 and 12022.53 to give courts discretion to strike firearm enhancements]), or restricted the applicability of enhancements to fewer offenses (e.g., Senate Bill No. 136 (Stats. 2019, ch. 590, § 1) [amending section 667.5 to

---

[1] All further statutory references are to the Penal Code.

restrict prior prison term enhancements to terms served for sexually violent offenses]).  Courts have determined that these laws apply retroactively on appeal to *nonfinal* convictions.  (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-342 [Senate Bill No. 136]; *People v. Garcia* (2018) 28 Cal.App.5th 961, 971-973 (*Garcia*) [Senate Bill No. 1393]; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089-1091 (*Woods*) [Senate Bill No. 620].)  The issue presented here is whether Senate Bill No. 1393 (S.B. 1393) applies to *final* convictions.  We conclude that it does not.

Randolph Darin Alexander appeals from the trial court's postjudgment order denying his motion for resentencing pursuant to S.B. 1393.  He contends we should vacate the order and remand the case to permit the court to exercise its newfound discretion to strike the four prior serious felony enhancements to his sentence.  We dismiss the appeal.

FACTUAL AND PROCEDURAL HISTORY

In December 2016, Alexander pled no contest to second degree robbery (§§ 211, 212.5, subd. (c)), and admitted that he suffered five prior strike convictions (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)) and four prior serious felony convictions (§ 667, subd. (a)).  The trial court struck four of the prior strikes[2] and sentenced Alexander to 24 years in state prison:  the low term of two years on the robbery, doubled to four years due to the remaining strike, and a consecutive 20 years for the four prior serious felony convictions.  Alexander did not appeal from the judgment.

In February 2019, Alexander moved for resentencing pursuant to S.B. 1393.  The trial court determined that "[Senate

---

[2] See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530.

2

Bill No.] 620 and the corresponding amendments to the Penal Code do not apply retroactively to final [convictions] . . . [and Alexander] has not demonstrated that he is entitled to resentencing pursuant to some other law." It accordingly denied his motion.

DISCUSSION

When the trial court sentenced Alexander, section 667, subdivision (a), required it to add four five-year enhancements to his sentence for his prior serious felony convictions. (*Garcia*, *supra*, 28 Cal.App.5th at p. 971.) Pursuant to S.B. 1393, the court now has discretion to strike the enhancements. (*Ibid*.) The parties (and we) agree that S.B. 1393 applies retroactively on appeal from the judgment. (*Id*. at pp. 971-973.) Alexander contends we should remand his case for resentencing pursuant to the new law. The Attorney General argues remand is not required because Alexander's conviction was final prior to the law's January 1, 2019, effective date. The Attorney General is correct.

Though it cited the wrong law, the trial court correctly concluded that it lacked jurisdiction to grant Alexander's motion. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [appellate court reviews result, not rationale].) "'"[A] judgment or order is not appealable unless expressly made so by statute." [Citations.]' [Citation.]" (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326 (*Hernandez*).) Section 1237, subdivision (b), makes appealable a court's postjudgment order if that order affects a defendant's substantial rights. An order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 (*Turrin*).) Any appeal from such an order

3

must be dismissed.  (*People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726-1727 (*Chlad*).)

Here, Alexander was convicted and sentenced to prison in December 2016.  Because he did not appeal from the judgment, his conviction became final in February 2017.  (*In re Spencer* (1965) 63 Cal.2d 400, 405 (*Spencer*) [conviction final when "courts can no longer provide a remedy to a defendant on direct review"]; Cal. Rules of Court, rule 8.308(a) [defendant has 60 days to appeal].)  The trial court did not thereafter recall Alexander's sentence, nor did he petition for resentencing pursuant to an applicable statutory scheme.  The court therefore lacked jurisdiction to grant Alexander's February 2019 motion for resentencing.  (*Hernandez, supra*, 34 Cal.App.5th at p. 326.)  Its order denying that motion thus could not have affected his substantial rights.  (*Turrin, supra*, 176 Cal.App.4th at p. 1208.)  The appeal from that order must be dismissed.  (*Chlad, supra*, 6 Cal.App.4th at pp. 1726-1727.)

Citing *Woods, supra*, 19 Cal.App.5th 1080, Alexander counters that the trial court *did* have jurisdiction to modify his sentence because the Legislature intended that S.B. 1393 apply retroactively to convictions, like his, that are already final.  But the *Woods* defendant's case was on direct appeal (*id*. at p. 1082)—i.e., his conviction was not yet final (*Spencer, supra*, 63 Cal.2d at p. 405).  The *Estrada* presumption of retroactivity, cited in *Woods*, is thus inapplicable here.  (*Woods*, at p. 1090; see *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*) [ameliorative penal statute applies to all *nonfinal* convictions in absence of express indication to the contrary].)

Conceding that the presumption is not directly applicable, Alexander points out that the *Estrada* court also

recognized that legislative intent determines whether a statute applies retroactively. (*Estrada, supra*, 63 Cal.2d at p. 746.) We agree. But Alexander cites nothing in S.B. 1393's legislative history indicating that the law applies to final convictions.

"No part of [the Penal Code] is retroactive, unless expressly so declared." (§ 3.) Thus, "'in the absence of an express retroactivity provision[,] or unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final. [Citation.]" (*People v. Martinez* (2018) 4 Cal.5th 647, 655 (*Martinez*), alterations omitted.) "In applying this principle, [courts must be] cautious not to infer retroactive intent from vague phrases and broad, general language in statutes. [Citations.]" (*People v. Brown* (2012) 54 Cal.4th 314, 319-320 (*Brown*).)

Alexander cites three propositions in an analysis of S.B. 1393 to support his assertion that he is entitled to the ameliorative effects of the new law: (1) that one of the Legislature's purposes in enacting the law was to save money; (2) that enhancements imposed pursuant to section 667, subdivision (a), can result in "punishments that are disproportionate to the offense, which does not serve the interests of justice, public safety, or communities"; and (3) that S.B. 1393 "restore[s] the [trial] court's discretion, in the interest of justice, to strike a five-year sentence enhancement for each prior serious felony conviction on a person's record, when a person is currently convicted of a serious felony." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1393 (2017-2018 Reg. Sess.) as amended May 9, 2018, p. 2.) But these propositions are couched in such "broad, general language" that we are reluctant to infer any

5

retroactive intent from them. (*Brown*, *supra*, 54 Cal.4th at p. 319.) Moreover, though the Legislature was concerned with the costs of the enhancement, the method by which it chose to reduce those costs was not to eliminate the enhancement from the Penal Code outright—which would have garnered even greater fiscal savings—but to give courts discretion to strike it. That discretion coincides with the second and third cited purposes of the new law: helping to ensure that punishments are proportionate to offenses by giving courts the power to "tailor . . . sentences based on the facts of the case, the defendant's history and culpability, [and] other potential mitigating factors." (Assem. Com. on Public Safety, Rep. on Sen. Bill No. 1393 (2017-2018 Reg. Sess.) as amended May 9, 2018, p. 2.) Additionally, the cost of resentencing every defendant currently serving a final sentence that includes a prior serious felony enhancement would be significant. Applying S.B. 1393 to cases like Alexander's would thus offset a significant portion of the Legislature's hoped-for savings, frustrating that goal. We therefore conclude that the cited propositions do not make it "'very clear . . . that the Legislature . . . intended a retroactive application'" of S.B. 1393 to final convictions. (*Martinez*, *supra*, 4 Cal.5th at p. 655; accord, *Hernandez*, *supra*, 34 Cal.App.5th at p. 326 [Senate Bill No. 620 does not apply to final convictions]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941-942 [same].)

Alternatively, Alexander argues that equal protection principles compel retroactive application of S.B. 1393 to final convictions. But "[r]etroactive application of a punishment-mitigating statute is not a question of constitutional right but of legislative intent." (*People v. Henderson* (1980) 107 Cal.App.3d 475, 488, fn. 5.) "A criminal defendant has no vested interest "'in

6

a specific term of imprisonment.'" [Citation.]" (*People v. Turnage* (2012) 55 Cal.4th 62, 74.) "[E]qual protection of the law is denied only where there is no 'rational relationship between the disparity of treatment and some legitimate governmental purpose.' [Citation.]" (*Ibid.*) Accordingly, S.B. 1393's inapplicability to final convictions will "survive[] constitutional scrutiny as long as there is '"any reasonably conceivable state of facts that could provide a rational basis for"'" treating final and nonfinal convictions differently. (*Ibid.*) Our Supreme Court has recognized such a basis: "assur[ing] that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 546.) This helps to "deflect[] any assumption by offenders that future acts of lenity will necessarily benefit them." (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 398.) Given this basis, the retroactive application of S.B. 1393 to final convictions is not constitutionally compelled. (*People v. Floyd* (2003) 31 Cal.4th 179, 189 ["'[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection'"]; *Baker v. Superior Court* (1984) 35 Cal.3d 663, 668 ["'[a] refusal to apply a statute retroactively does not violate the Fourteenth Amendment'"].)

7

DISPOSITION

The appeal is dismissed.

<u>CERTIFIED FOR PUBLICATION.</u>


                              TANGEMAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

Katherine Mader, Judge

Superior Court County of Los Angeles

_____

Jenny M. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Scott A. Taryle and Colleen M. Tiedemann, Deputy Attorneys General, for Plaintiff and Respondent.