Filed 3/29/18

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                    )

                                   )

       Plaintiff and Respondent,    )

                                   )          S231826

       v.                          )

                                   )     Ct.App. 4/2 E063107

MARIO MARTINEZ,          )

                                   )      Riverside County

       Defendant and Appellant.    )   Super. Ct. No. RIF136990

_____)

        In November 2014, California voters enacted Proposition 47, which reduced certain drug- and theft-related offenses from felonies to misdemeanors. The initiative also authorizes inmates currently serving sentences for a reclassified crime to petition the court for resentencing: "A person who, on November 5, 2014, was serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (Pen. Code, § 1170.18, subd. (a).)

        Defendant Mario Martinez filed a petition for resentencing on two felony convictions for offenses he committed in 2007: one for possession of

SEE CONCURRING OPINION

methamphetamine, the other for transportation of methamphetamine. The district attorney agreed that Proposition 47 reduced the possession offense to a misdemeanor, and the trial court found Martinez eligible for resentencing on that offense. But the trial court, observing that Proposition 47 did not expressly reduce the transportation offense to a misdemeanor, found Martinez ineligible for resentencing on the transportation offense.

On appeal, Martinez argued that he is eligible for resentencing on the transportation offense because the electorate passed Proposition 47 against the backdrop of a 2013 enactment providing that transportation of drugs without intent to sell is no longer a felony. The Court of Appeal rejected this argument, holding that only offenders convicted of a felony offense enumerated in Proposition 47's resentencing provision may have their crimes reduced to misdemeanors. As our recent opinion in *People v. Page* (2017) 3 Cal.5th 1175, 1182–1187 (*Page*) indicates, this reasoning by the Court of Appeal was erroneous. But the Court of Appeal further explained that Martinez is ineligible for resentencing because "[i]f Proposition 47 had been in effect when defendant committed his offense in 2007, he would still be guilty of a felony not covered by Proposition 47 . . . ." We affirm the judgment of the Court of Appeal on this latter ground.

## I.

In May 2007, police arrested Martinez after stopping a car in which he was a passenger and discovering a plastic bag containing methamphetamine near his feet. A jury convicted him of transportation of methamphetamine (Health & Saf. Code, former § 11379, as amended by Stats. 2001, ch. 841, § 7) and possession of methamphetamine (Health & Saf. Code, former § 11377, as amended by Stats. 2002, ch. 664, § 131). (All undesignated statutory references are to the Health and Safety Code.) The trial court sentenced Martinez to eight years in state prison for the transportation offense and to four additional years in light of his prior

2

convictions, for a total sentence of 12 years. The court stayed his sentence for the possession offense pursuant to Penal Code section 654. The judgment became final in 2010.

Section 11379 prohibits the illegal transportation of certain controlled substances, including methamphetamine. At the time that Martinez's conviction became final, the statute prohibited the unlawful transportation of a controlled substance for any reason. (See *People v. Rogers* (1971) 5 Cal.3d 129, 137 (*Rogers*) [illegal transportation of marijuana "requires only a knowing transportation . . . whether for personal use, sale, distribution or otherwise"]; *People v. Eastman* (1993) 13 Cal.App.4th 668, 673–677 (*Eastman*) [affirming conviction for transportation of methamphetamine intended solely for personal use].) The transportation element of the offense was satisfied so long as the defendant knowingly moved the substance a minimal distance. (See *People v. Ormiston* (2003) 105 Cal.App.4th 676, 682 [" 'The crux of the crime of transporting is movement of the contraband from one place to another.' "]; *People v. Emmal* (1998) 68 Cal.App.4th 1313, 1318.)

In 2013, the Legislature narrowed the transportation statute by specifying that "[f]or purposes of this section, 'transports' means to transport for sale." (Assem. Bill No. 721 (2013–2014 Reg. Sess.) § 2; see Health & Saf. Code, § 11379, subd. (c).) In light of this amendment to section 11379, the possession and movement of methamphetamine for personal use, without intent to sell, can be charged only as a possession offense under section 11377. (See Assem. Com. on Pub. Saf., Rep. on Assem. Bill No. 721 (2013–2014 Reg. Sess.) Feb. 21, 2013, p. 3.)

In November 2014, the voters passed Proposition 47, The Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses from felonies or "wobblers" to misdemeanors. Proposition 47

3

reclassified some offenses by amending the statutes that defined those crimes.  As relevant here, Proposition 47 amended section 11377 to punish as a misdemeanor the possession of a controlled substance.  (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 13, p. 73 (Voter Information Guide).)  In other instances, Proposition 47 added new provisions to the Penal Code carving out a lesser crime from a preexisting felony (see *id.*, § 5, p. 71 [creating Penal Code section 459.5 to distinguish the misdemeanor of "shoplifting" from the felony of burglary]) or redefining how a term is understood throughout the California Codes (see *id.*, § 8, p. 72 [adding Penal Code section 490.2 to lower the potential punishment for certain categories of grand theft "[n]otwithstanding . . . any other provision of law defining grand theft"]).  Through its various provisions, Proposition 47 made clear that certain types of criminal conduct once punishable as felonies now constitute only misdemeanors.

Proposition 47 also established a process through which an offender currently serving a sentence for a reclassified crime may petition the trial court to have his or her punishment reduced.  That procedure is set forth in Penal Code section 1170.18(a), which we discuss further below.

On November 13, 2014, Martinez petitioned the court for resentencing on both of his convictions pursuant to Penal Code section 1170.18(a).  The district attorney, while agreeing that his sentence should be reduced for the possession conviction under former section 11377, argued that Martinez was ineligible for resentencing on his transportation conviction under former section 11379.  Martinez countered that at the time of Proposition 47's enactment, the conduct underlying his transportation conviction could have been charged only as a possession offense and thus he should be sentenced as a misdemeanant for that conviction as well.

4

The trial court granted Martinez's petition as to the possession conviction but denied it as to the transportation conviction, finding that Proposition 47 did not apply to convictions under former section 11379. In an unpublished opinion, the Court of Appeal affirmed the partial denial. Observing that Penal Code section 1170.18(a) authorizes resentencing in accordance with a list of nine statutory provisions and that section 11379 does not appear in the list, the Court of Appeal concluded that the Legislature intended to exclude section 11379 from reclassification. The court also rejected Martinez's argument that the 2013 amendments to section 11379 were made applicable to his conviction via Proposition 47. We granted review.

## II.

We begin with the Court of Appeal's reasoning that Martinez is ineligible for resentencing because section 11379 is not one of the nine code sections enumerated in Penal Code section 1170.18(a). As we recently explained, the requirement that resentencing occur "in accordance with" one of the nine code sections listed in Penal Code section 1170.18(a) does not make resentencing eligibility contingent upon the petitioner having been *convicted* under one of those provisions. (*Page*, *supra*, 3 Cal.5th at p. 1184.) It is illogical to limit Proposition 47-eligible felonies only to convictions under the listed statutes because, as noted above, two of the listed statutes (Penal Code sections 459.5 and 490.2) were themselves created by Proposition 47, "which means that no defendant could have been serving a felony sentence for these offenses on the initiative's effective date." (*Page*, at p. 1185; see *People v. Romanowski* (2017) 2 Cal.5th 903, 910.) A "straightforward reading" of Penal Code section 1170.18(a)'s text led us to conclude in *Page* that defendants convicted of a felony for stealing vehicles worth $950 or less, including under Vehicle Code section 10851 (a provision not listed in Penal Code section 1170.18(a)), are eligible for resentencing because they "would

5

have been guilty only of a misdemeanor had [Penal Code] section 490.2 been in effect at the time." (*Page*, at pp. 1187, 1184.)

Accordingly, the mere fact that section 11379 is not one of the code sections enumerated in Penal Code section 1170.18(a) is not fatal to Martinez's petition for resentencing on his transportation offense. Rather, his eligibility for resentencing turns on whether he is a person serving "a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . ." (Pen. Code, § 1170.18(a).)

### III.

We now consider the application of this eligibility requirement to this case. Martinez does not dispute that he was validly convicted under section 11379 as it existed at the time of his offense, nor does he dispute that Proposition 47 did not expressly amend section 11379. Martinez also acknowledges that the Legislature's 2013 amendment to section 11379 did not apply retroactively to his 2010 conviction.

Martinez contends that his transportation offense should come within the ambit of Proposition 47 because the amendment to section 11379 narrowing the definition of "transport" to "transport for sale" took effect on January 1, 2014, ten months before the voters passed Proposition 47. The electorate "is presumed to be aware of existing laws" when it enacts an initiative. (*In re Lance W.* (1985) 37 Cal.3d 873, 890, fn. 11.) Thus, we presume that when the electorate passed Proposition 47, it understood and intended that unlawful transportation of methamphetamine without proof of transport for sale could only result in conviction of a misdemeanor possession offense under section 11377, one of the statutes "amended . . . by [Proposition 47]." (Pen. Code, § 1170.18(a).) In light of the electorate's intent, Martinez argues, the evidence that he possessed and

6

transported methamphetamine, without proof that he transported it for sale, meant that he "would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . ."  (*Id.*, § 1170.18(f).)

The Court of Appeal was correct to reject this argument on the ground that had Proposition 47 been in effect at the time of Martinez's offense, his criminal conduct still would have amounted to felony drug transportation because none of the statutes amended or enacted by Proposition 47 altered the offense set forth in section 11379.  Proposition 47's amendments to sections 11350, 11357, and 11377, all of which concern illegal possession of various controlled substances including methamphetamine, do not redefine or refer to unlawful transportation of controlled substances.  (See Voter Information Guide, *supra*, text of Prop. 47, §§ 11–13, pp. 72–73.)  As noted, the amendment to section 11379 clarifying that " 'transports' means to transport for sale" (§ 11379, subd. (c)) did not become effective until 2014, more than three years after Martinez's conviction had become final.  Because Proposition 47 did not reduce the transportation of a controlled substance from a felony to a misdemeanor, Martinez is ineligible for resentencing on that offense.

This result is consistent with Proposition 47's stated purpose.  Both the initiative and the Legislative Analyst extensively discuss Proposition 47's impact on drug possession offenses.  (See Voter Information Guide, *supra*, text of Prop. 47, § 3, p. 70 ["In enacting this act, it is the purpose and intent of the people of the State of California to . . . [r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and *drug possession* . . . ." (italics added)]; Voter Information Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35.)  Neither mentions drug transportation offenses.  We infer that the electorate reasonably could have understood that drug possession and drug transportation crimes are distinct and merit different treatment under the proposition.

7

Moreover, we have said it is reasonable to treat drug transportation as a more serious crime than drug possession. (See *Rogers*, *supra*, 5 Cal.3d at p. 136 ["[T]he Legislature was entitled to assume that the potential for harm to others is generally greater when narcotics are being transported from place to place, rather than merely held at one location. The Legislature may have concluded that the potential for increased traffic in narcotics justified more severe penalties for transportation than for mere possession or possession for sale . . . ."]; see also *Eastman*, *supra*, 13 Cal.App.4th at p. 676 ["[T]he act of transportation substantially increases the risks to the public. [Citation.] Thus, a prohibition on the simple transportation of drugs affects the transporter's ability to make sales or purchases of contraband; it reduces the risks of traffic accidents due to drivers under the influence; and it arguably even reduces the frequency of personal drug use by discouraging users from carrying supplies in vehicles"].) The Legislature continues to punish transportation of contraband for sale more severely than possession of contraband for sale. (Compare § 11379 with § 11378.) Reclassifying drug possession, but not drug transportation, as a misdemeanor is therefore consistent with Proposition 47's stated goal of reducing punishment for nonserious crimes.

Martinez argues that the Legislature's 2013 amendment to the transportation statute clarifying that " 'transports' means to transport for sale" (§ 11379, subd. (c)) must inform our understanding of the reclassified offenses for which Proposition 47 authorizes resentencing. We presume that the voters who enacted Proposition 47 were aware that section 11379 had been amended in 2013 and that a person convicted under the former version of section 11379 for possessing and transporting contraband for personal use, without intent to sell, could today be charged only under section 11377. However, the voters authorized resentencing only for persons serving a felony sentence "who would have been

8

guilty of a misdemeanor *under th[is] act . . . had this act been in effect at the time of the offense . . . .*" (Pen. Code, § 1170.18(a), italics added.) Proposition 47 could have been written to reduce to a misdemeanor any drug offense without intent to sell. (Cf. Pen. Code, § 490.2, subd. (a) [reclassifying as a misdemeanor "any" theft offense where the value of property taken is less than $950]; *Page*, *supra*, 3 Cal.5th at p. 1184.) But Proposition 47 was not written that way. The electorate reduced felony drug possession convictions under only three possession statutes, even though it presumably understood that before 2014, some possessory conduct resulted in felony convictions for unlawful transportation under former section 11379. In sum, because Proposition 47 did not alter the offense of unlawful drug transportation, Martinez's conviction under former section 11379 would not have been affected even if Proposition 47 had been in effect at the time of his offense.

Martinez further contends that the 2013 amendment to section 11379 implicitly amended section 11377. According to Martinez, when the Legislature amended section 11379 to clarify that "transport" means "transport for sale," section 11377 "became the exclusive statute to criminalize acts of transportation of contraband" for personal use. He argues that the Legislature, by narrowing section 11379, implicitly broadened the scope of section 11377 and that his transportation conviction, obtained without proof of intent to sell, should now be construed as falling under section 11377 and thus reducible to a misdemeanor.

Even assuming Martinez transported the drugs without intent to sell, his point falls short. The Legislature's amendment of section 11379 to specify that "transport" means "transport for sale" did not shift the unlawful transportation of drugs for all other reasons to section 11377. Because possession is not an element of unlawful transportation, not every person convicted of transporting drugs under former section 11379 has necessarily committed a drug possession offense

9

covered by Proposition 47. (See *Rogers*, *supra*, 5 Cal.3d at p. 134 ["Although possession is commonly a circumstance tending to prove transportation, it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another" (fn. omitted)].) The 2013 amendment to section 11379 simply means that transportation of a controlled substance without intent to sell is no longer a distinct criminal offense.

Martinez's position assumes that the 2013 amendment to section 11379 could have some bearing on the proper treatment of the offense he committed in 2007, even though his conviction for that offense became final in 2010. But "in the absence of an express retroactivity provision . . . [or] unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application," ameliorative legislation does not affect convictions that have become final. (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1209.) Thus, even assuming the 2013 amendment implicitly broadened section 11377, that change was not retroactive and could not provide any basis for reopening Martinez's final judgment of conviction under section 11379.

## CONCLUSION

We affirm the judgment of the Court of Appeal.

**LIU, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**SEGAL, J.**[*]

---

[*]    Associate Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## CONCURRING OPINION BY LIU, J.

In 2013, the Legislature amended Health and Safety Code section 11379 to ensure that only transportation of contraband "for sale" could be prosecuted under that section. (Health & Saf. Code, § 11379, subd. (c); all undesignated statutory references are to this code.) Before that amendment, transportation of contraband without intent to sell could and sometimes did result in a conviction under section 11379. Defendant Mario Martinez says that he suffered such a conviction under section 11379 and that his underlying conduct could be prosecuted today only as unlawful drug possession under section 11377. But Martinez cannot receive the benefit of the 2013 amendment because it does not apply retroactively to already-final convictions like his. And he cannot receive the benefit of Proposition 47's resentencing provisions because whereas convictions under section 11377 fall within the ameliorative scope of Proposition 47, convictions under section 11379 do not. (Maj. opn., *ante*, at pp. 7–9.)

Today we decide that a faithful application of Proposition 47's text compels our holding. But there is reason to wonder whether excluding individuals like Martinez from the ameliorative scope of Proposition 47 was an oversight. A key purpose of Proposition 47 is to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like . . . drug possession." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) When Proposition 47 was drafted and put before the voters in 2014, the Legislature's amendment to section 11379 had made it unnecessary to consider whether section 11379 convictions should be included within the scope of the proposition, since transportation of drugs without intent to sell could no longer be

1

charged under section 11379.  This left people like Martinez out of luck, and it is of course the electorate's prerogative to decline to make ameliorative measures retroactive.  But what is striking here is that the electorate (1) required nonserious, nonviolent drug possession crimes to be punished as misdemeanors, not felonies, *and* (2) made these changes retroactive through Proposition 47's resentencing provisions, *and yet* (3) neglected to include within Proposition 47's ameliorative scope a set of persons who committed nonserious, nonviolent drug possession crimes with no intent to sell.

Although our holding today follows from the text of Proposition 47, it is not clear that the issue presented is one that the initiative's proponents or the electorate really anticipated.  The Legislature may wish to consider whether to extend resentencing eligibility to persons like Martinez, given Proposition 47's purpose of requiring nonserious, nonviolent drug possession offenses to be punished as misdemeanors, not felonies.

**LIU, J.**

**WE CONCUR:**

**CUÉLLAR, J.**
**KRUGER, J.**
**SEGAL, J.**\*

---

\*      Associate Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Martinez

_____

**Unpublished Opinion** XXX NP opn. filed 12/15/15 – 4th Dist., Div. 2
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S231826
**Date Filed:** March 29, 2018

_____

**Court:** Superior
**County:** Riverside
**Judge:** Becky Lynn Dugan

_____

**Counsel:**

Cindi Beth Mishkin, under appointment by the Supreme Court, and Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris and Xavier Becerra, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina, Meagan J. Beale, Parag Agrawal, Steven T. Oetting, Michael Pulos and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Cindi Beth Mishkin
Appellate Defenders, Inc.
555 West Beech Street, Suite 300
San Diego, CA  92101
(619) 696-0282

Warren J. Williams
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 738-9059