**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MACJHAY YAGAO,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    16-72812

Agency No. A044-946-445

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2018
Pasadena, California

Before:  SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Macjhay Yagao petitions for review of the determination by the Immigration

Judge ("IJ") and the Board of Immigration Appeals ("BIA") (collectively, the

"Agency") that he is removable based on his conviction of transporting more than

28.5 grams of marijuana.  *See* Cal. Health & Safety Code § 11360(a).  He contends

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that his conviction was for an offense "relating to a controlled substance," but that the facts underlying the conviction met the "possession for one's own use" exception to removal for only a single prior drug offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i).

Yagao's transportation of marijuana conviction was his second conviction under Cal. Health & Safety Code § 11360(a). He was previously convicted of importing marijuana into California, a felony offense. He is therefore ineligible for the exemption from removal for "a *single* offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). Yagao argues, however, that because his earlier conviction was not specified in his notice to appear, and because the Agency did not consider his earlier conviction, we may not uphold the Agency's removal finding on this ground. Even if we assume that he is correct, Yagao is nonetheless removable on the grounds the Agency addressed.

Yagao contends that the Agency should have applied a categorical instead of a circumstance-specific approach to determining whether his state conviction for transportation of marijuana met the federal statute's personal use exemption from removal. Yagao cannot show that the state statute of conviction criminalizes conduct that would qualify for the exemption.

2

Under the categorical approach, we determine whether the state statute criminalizes conduct that extends beyond the bounds of the federal offense, such as possession for one's own use of 30 grams or less of marijuana. *See Guerrero-Silva v. Holder*, 599 F.3d 1090, 1092 (9th Cir. 2010). The state statute criminalizes transportation of marijuana, which is a separate offense from possession of marijuana under California law. *Compare* Cal. Health & Safety Code § 11357, *with id.* § 11360. California treats transportation as a more serious offense than mere possession for personal use. *See People v. Rogers*, 486 P.2d 129, 133–34 (Cal. 1971) (In Bank), *superseded by statute on other grounds as recognized by People v. Martinez*, 413 P.3d 1125 (Cal. 2018); *see also Martinez*, 413 P.3d at 1129. Thus, Yagao is not exempted from removal, because his state conviction of transportation of marijuana is a categorical match to the federal removal statute that encompasses crimes relating to controlled substances other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

There was no abuse of discretion in the Agency's refusing to grant multiple continuances. *See Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (reviewing denial of continuance for abuse of discretion).

We recently held that we have jurisdiction to review the Agency's denial of administrative closure. *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 893 (9th Cir.

3

2018).  We review for abuse of discretion.  *See id.* at 890–91 (citing 8 C.F.R.

§§ 1003.10(b), 1003.1(d)(1)(ii); *Matter of Avetisyan*, 25 I. & N. Dec. 688, 694

(BIA 2012)).  Here, the Agency denied administrative closure because Yagao had

been denied post-conviction relief in state court and the prospect for federal relief

was speculative at best.  There was no abuse of discretion.

**Petition DENIED**.