Filed 8/21/20  P. v. Mountford CA2/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID GORDON MOUNTFORD,<br><br>    Defendant and Appellant. | B287245<br><br>(Los Angeles County<br>Super. Ct. No. GA080859) |

APPEAL from an order of the Superior Court of Los Angeles County, Stanley Blumenfeld, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Susan Sullivan Pithey, Assistant Attorneys General, Noah P. Hill and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In defendant David Gordon Mountford's original appeal, we affirmed the trial court's order denying his petitions to reduce his convictions for identity theft, forgery, and possession of a forged driver's license to misdemeanors under Penal Code[1] section 1170.18. We concluded that the convictions were ineligible for relief under Proposition 47, the voter initiative that enacted section 1170.18.

Our Supreme Court granted review and directed us to reconsider our decision in light of *People v. Jimenez* (2020) 9 Cal.5th 53 (*Jimenez*). *Jimenez* held, as did we in Mountford's original appeal, that the offense commonly called identity theft is not eligible for relief under Proposition 47. *Jimenez* did not address the reasoning that led us to conclude Mountford's convictions for forgery and possession of a forged driver's license were ineligible for relief. Mountford has opted not to file a supplemental brief, and therefore gives us no reason to question our original holding in light of *Jimenez*. Accordingly, we again affirm the trial court's order.

## FACTUAL BACKGROUND

We quote the summary of the facts from our original opinion in this appeal. (*People v. Mountford* (May 28, 2019, B287245) [nonpub. opn.]).

"On the evening of February 27, 2009, Mountford and two women went to the Trans Ocean Volkswagen dealership in Pasadena. Mountford said he was interested in purchasing three vehicles. He identified himself as Ernestas Dranseika and used Dranseika's federal tax identification number when completing a

---

[1] Undesignated statutory citations are to the Penal Code.

credit application. A credit check revealed a fraud alert as to that number. The sales manager called the police. When the police arrived, Mountford admitted attempting to purchase the vehicles with a stolen identity." (*People v. Mountford, supra*, B287245.)

"The police arrested Mountford. At the police station, Mountford identified himself as Douglas Korn. The police found a valid driver's license bearing the name of Douglas Korn in a Kia that Mountford said belonged to him. The police booked Mountford in the name of Douglas Korn. Mountford asked the police to leave the Kia parked where it was, but the police impounded it. Mountford signed the vehicle disposition form with the name Douglas Korn. The police then discovered Mountford's identity through his fingerprints." (*People v. Mountford, supra*, B287245.)

"The police subsequently learned that Mountford had purchased the Kia through fraudulent means in 2008. A police officer met with the finance manager of the Glendale Kia dealership. The finance manager stated that 'Douglas Korn' had purchased the Kia for $ 9,600 using four prepaid debit cards and a non-prepaid debit card with Korn's name on it. The officer went to the bank where the prepaid debit cards had been purchased and learned that Mountford had purchased the cards." (*People v. Mountford, supra*, B287245.)

"The officer attempted to locate Korn. Korn's parole officer indicated that Korn had been arrested by the FBI on September 8, 2008 and had been in federal custody since then. The officer went back to the Kia dealership. The used car sales manager identified Mountford from a photographic lineup as the person who had purchased the Kia using a driver's license and

social security card in the name of Douglas Korn. The officer later spoke to Korn, who stated that he did not know Mountford and had not given Mountford permission to use his name or identification." (*People v. Mountford*, *supra*, B287245.)

## PROCEDURAL BACKGROUND

In February 2011, Mountford pleaded no contest to and was convicted of two counts of what was referred to in the information as "identity theft" (§ 530.5, subd. (a)), one count of forgery of a credit application (§ 470, subd. (a)), and one count of possession of a forged driver's license (§ 470b). The trial court sentenced Mountford to five years in state prison.

In October 2017, Mountford petitioned the trial court under section 1170.18 to reduce his four convictions to misdemeanors. The trial court denied the petitions.

We affirmed. We recognized there was a split of authority as to whether convictions under section 530.5 were eligible for relief under Proposition 47, and the issue was before the Supreme Court. Our own analysis, however, led us to conclude that offenses under section 530.5, subdivision (a) are not "theft offenses" and do "not fall within the purview of Proposition 47." (*People v. Mountford*, *supra*, B287245.)

We further concluded that, although "Proposition 47 made certain types of forgery eligible for resentencing as a misdemeanor," that relief applied only to documents specified in section 473, subdivision (b), namely " 'a check, bond, bank bill, note, cashier's check, traveler's check, or money order . . . .' " (*People v. Mountford*, *supra*, B287245, quoting § 473, subd. (b).) Because the documents involved in Mountford's forgery convictions—a credit application and a driver's license—are not

4

on this list, we held that those convictions were ineligible for reduction to misdemeanors.

The Supreme Court granted review and remanded the case to us "with directions to vacate [our] decision and to reconsider the cause in light of [*Jimenez*]." Mountford chose not to file a supplemental brief, instead submitting on the briefs from his original appeal. The Attorney General filed a supplemental brief.

## DISCUSSION

"In November 2014, the voters passed Proposition 47, The Safe Neighborhoods and Schools Act, which reduced certain drug- and theft-related offenses from felonies or 'wobblers' to misdemeanors." (*People v. Martinez* (2018) 4 Cal.5th 647, 651.) "Through its various provisions, Proposition 47 made clear that certain types of criminal conduct once punishable as felonies now constitute only misdemeanors." (*Ibid.*) Among other things, Proposition 47 added "two new theft crimes"—section 459.5, misdemeanor shoplifting, and section 490.2, petty theft. (*Jimenez, supra*, 9 Cal.5th at p. 62.)

Under section 1170.18, subdivision (f), "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

The issue before us is whether offenses under section 530.5, subdivision (a) qualify for relief under section 1170.18. Section 530.5, subdivision (a) provides, in relevant part: "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of

5

another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense . . . ."

Mountford has submitted on the briefing from his original appeal, which contended that because he "unlawfully obtained personal identifying information with the intent to commit theft," his offenses under section 530.5, subdivision (a) could be construed as either shoplifting or petty theft under Proposition 47, and thus could be reduced to misdemeanors under section 1170.18, subdivision (f).

The Supreme Court concluded in *Jimenez*, however, that convictions under section 530.5, subdivision (a) are not eligible for reduction to misdemeanor shoplifting or petty theft. (*Jimenez*, *supra*, 9 Cal.5th at pp. 59, 70.) The court noted that, although an offense under section 530.5, subdivision (a) is "colloquially described as 'identity theft,' " the crime is actually "misuse of personal identifying information." (*Jimenez*, at p. 58.)

"[S]ection 530.5, subdivision (a) makes no mention of theft," and it "contains no requirement, 'central to the crime of theft[,] that the information be stolen at all' [citation], or that the victim's information was taken with 'the intent to permanently deprive the owner of its possession' [citation]. Indeed, by its very terms, the offense of misuse of personal identifying information can be accomplished by acquiring the information with valid consent, using it for an unlawful purpose, and returning it." (*Jimenez*, *supra*, 9 Cal.5th at p. 63.) "The statute prohibits a person from 'acquiring, retaining, or using information, rather than taking it,'—itself a fair indicator that the Legislature was concerned with use, not theft." (*Id*. at p. 65.) Thus, section 530.5

6

"is not a theft offense, but 'an essentially unique crime.' " (*Jimenez*, at p. 65.)

The defendant in *Jimenez* argued that his conduct—in that case, "enter[ing] a commercial establishment . . . with intent to commit theft by false pretenses"—constituted misdemeanor shoplifting under Proposition 47. (*Jimenez*, *supra*, 9 Cal.5th at pp. 65–66.) The court rejected this argument: "The critical question for reclassification is whether the felony *offense* ' "would have been . . . a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense." ' " (*Jimenez*, at p. 66.) "Only if the offense is eligible for reclassification must a court consider whether a defendant's conduct fulfills the elements of shoplifting, bringing it within Proposition 47's scope." (*Jimenez*, at p. 66.) The court acknowledged that "[p]eople who violate section 530.5, subdivision (a) will often use the information to commit some manner of theft, making the theft an important element of that second crime," but that does not convert the violation of section 530.5, subdivision (a) itself into a theft offense. (*Jimenez*, at p. 70.)

For the same reasons, the court held that an offense under section 530.5, subdivision (a) did not qualify for reduction to petty theft under section 490.2: "The offense described by section 530.5 criminalizes the improper *use*, not the illegal taking, of information. Like shoplifting, misuse of personal identifying information shares no common elements with petty theft." (*Jimenez*, *supra*, 9 Cal.5th at p. 70.) The court concluded, "[U]se of the shorthand 'identity theft' to describe the offense in section 530.5 doesn't somehow make the misuse of personal identifying information swallow up elements of the theft offense, nor does it otherwise 'provide a reason to read into the statute an

additional element that cannot be found by referring to the language of the statute.' " (*Jimenez*, at p. 71.)

Under *Jimenez*, we reject Mountford's contention that his offenses under section 530.5 were theft crimes merely because he misused personal identifying information to commit theft. *Jimenez* explicitly rejected this argument, concluding that offenses under section 530.5, subdivision (a) do not qualify as either shoplifting or petty theft, even if those offenses were committed for the purpose of facilitating theft. (*Jimenez*, *supra*, 9 Cal.5th at pp. 65–66.) Thus, Mountford's "identity theft" convictions are not eligible for reduction.

*Jimenez* did not address whether forgery crimes eligible for reduction to misdemeanors under Proposition 47 are limited to forgeries involving documents listed in section 473, subdivision (b), as we concluded in Mountford's original appeal. Thus, *Jimenez* has no impact on our original holding that Mountford's convictions for forgery of a credit application and possession of a forged driver's license are ineligible for relief. Mountford, having declined to file a supplemental brief, makes no argument to the contrary, and therefore gives us no reason to question our original holding in light of *Jimenez*.

## DISPOSITION

The order is affirmed.
<u>NOT TO BE PUBLISHED.</u>

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.