Filed 6/30/21  P. v. Tyler CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B308658 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA300425) |
| v. | |
| WILLIAM ELDRIDGE TYLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## BACKGROUND

In December 2008, appellant William Eldridge Tyler, Jr. was convicted of first degree murder (Pen. Code, § 187,[1] count one) and attempted second degree robbery (§§ 664, 211, count two). The jury found true allegations that appellant personally and intentionally discharged a handgun causing death (§ 12022.53, subd. (b), (c), (d)), the murder occurred during the commission of the attempted robbery (§ 190.2, subd. (a)(17)(A)), and the attempted robbery was committed for the benefit of a criminal street gang (§ 186.22, subd (b)(1)(A)). In April 2009, the court sentenced appellant on count one to 50 years to life, consisting of 25 years to life for the murder plus 25 years to life for the gun allegation under section 12022.53, subdivision (d). On count two, the court sentenced appellant to five years to run concurrently to count one, consisting of the midterm of two years for the attempted robbery and three years for the gang allegation. This court affirmed the judgment in 2011. (*People v. Tyler* (Jan. 31, 2011, B216489) [nonpub. opn.].)

On September 1, 2020, appellant filed a "motion for a juvenile fitness/transfer hearing" under Proposition 57. Appellant stated in a declaration that he was 16 years old at the time of the crimes, and he "was NEVER afforded a juvenile/transfer fitness hearing as the prosecution was permitted to proceed with direct filing in adult criminal court." He also asserted that equal protection rights under the United States Constitution entitled him to a juvenile fitness/transfer hearing. Appellant attached a summary of his "rehabilitative efforts since conviction" to be considered in a youth offender

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

proceeding, which included participation in Alcoholics/Narcotics Anonymous, Positive Interventions, Bridges to Freedom, Giving Life Back to Lifers, and Gang Awareness Recognition. Appellant further stated that he was entitled to the benefits of Senate Bill No. 620 to dismiss or strike his gun enhancements.

On September 4, 2020, the court denied appellant's motion in a written ruling, stating, "Petitioner filed a Request to have his case transferred to juvenile court in order to have a fitness hearing. Petitioner's judgment has long been final and therefore the change in law does not apply to his case. [¶] Therefore, the Petition is DENIED." Appellant timely appealed.

## DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record and may dismiss the appeal if the appellant fails to file a supplemental brief. (*Serrano, supra*, 211 Cal.App.4th at pp. 498, 503.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days.

Appellant then filed a supplemental brief. In a case under *Serrano*, "if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040.) We therefore address the issues set forth in appellant's supplemental brief.

3

Appellant asserts that the charges against him were filed directly in criminal court, but that he is entitled to a juvenile fitness hearing due to changes in the law under Proposition 57 (approved by voters, Gen. Elec. (Nov. 8, 2016)). "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. (See Welf. & Inst. Code, § 707, subd. (a).)" (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303 (*Lara*).)

Appellant admits that his judgment was final at the time Proposition 57 was enacted. As the Supreme Court stated in *Lara*, the change enacted in Proposition 57 "applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Lara, supra*, 4 Cal.5th 299, 303-304.) Appellant is therefore not entitled to the procedures in Proposition 57.

Appellant also cites Welfare and Institutions Code section 707.5, subdivision (a), which became effective on January 1, 2020. However, that statute states, "In any case in which a person is transferred from juvenile court to a court of criminal jurisdiction pursuant to Section 707, upon conviction or entry of a plea, the person may . . . request the criminal court to return the case to the juvenile court for disposition." (Welf. & Inst. Code, § 707.5, subd. (a).) The record does not indicate that appellant's case was transferred from juvenile court to a court of criminal jurisdiction.

4

Moreover, nothing in the language of Welfare and Institutions Code section 707.5 suggests that it applies to convictions that have already become final. "'[I]n the absence of an express retroactivity provision . . . [or] unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final." (*People v. Martinez* (2018) 4 Cal.5th 647, 655.)

Appellant further asserts, "[T]o deprive my case of any ameliorating benefit[s] to juvenile change to sentencing laws" would violate equal protection principles. Appellant has not established a violation of equal protection. "It is a fundamental principle that, '[t]o succeed on [a] claim under the equal protection clause, [a defendant] first must show that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner.'" (*People v. Wilkinson* (2004) 33 Cal.4th 821, 836.) No such showing has been made here. Moreover, Proposition 57's application to only certain youth offenders does not violate equal protection principles. (See *People v. Lizarraga* (2020) 56 Cal.App.5th 201, 210.)

Appellant also states, "My case would qualify [for] consideration also under Senate Bill 620." Senate Bill No. 620 amended section 12022.53, subdivision (h), effective January 1, 2018, to provide that a court may strike or dismiss an enhancement otherwise required to be imposed under section 12022.53. (See *People v. Zamora* (2019) 35 Cal.App.5th 200, 206-207.) The changes to section 12022.53 implemented through Senate Bill No. 620 apply only to defendants whose convictions were not final on January 1, 2018, when those changes became effective. (See *id.*, at p. 207; *People v. Johnson* (2019) 32

Cal.App.5th 938, 942.)  Because appellant's conviction was final before January 1, 2018, he is not eligible for relief under Senate Bill No. 620 or section 12022.53, subdivision (h).

We therefore find no error in the trial court's order denying appellant's petition.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.

6