Filed 9/14/21  P. v. McElroy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093089 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037696) |
| v. | |
| CLARK LESLIE McELROY III, | |
| Defendant and Appellant. | |

This appeal arises from the trial court's denial of defendant Clark Leslie McElroy III's request to recall his sentence and resentence him pursuant to Penal Code section 1170.18.  Appointed counsel for defendant filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant subsequently filed a supplemental brief contending the court erred in failing to conduct an evidentiary hearing before denying the petition.  After reviewing the entire record, we affirm the order.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 28, 2012, defendant was charged in an information with one count of dissuading a witness from reporting a crime (Pen. Code, § 136.1, subd. (b)(1); count 1), one count of possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2), one count of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3), one count of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 4) and one count of possession of hydrocodone (Health & Saf. Code, § 11350, subd. (a); count 5). It was further alleged as to count 1 that defendant had suffered a prior serious felony conviction (Pen. Code, § 667, subd. (a)(1)), and as to all counts that defendant had suffered a prior strike conviction.

Defendant was convicted by jury on counts 1 through 4. The trial court found the prior serious felony conviction to be true. At the May 21, 2013 sentencing hearing, the court imposed a term of 15 years eight months, as follows: on count 3, the upper term of eight years, plus one-third the middle term of one year four months each on counts 1 and 4, plus the upper term of six years on count 2, to be served concurrently, plus five years for the serious felony prior enhancement. The court granted 561 days' custody credit (281 actual and 280 conduct), imposed various fines and fees, and ordered victim restitution.

On October 14, 2020, defendant filed a petition for reclassification, requesting that the court reduce his conviction of Health and Safety Code section 11379, subdivision (a) to a misdemeanor pursuant to Penal Code section 1170.18. The prosecutor opposed, arguing: "Defendant was convicted of transportation of methamphetamine pursuant to [Health and Safety Code] section 11379(a), which is not an enumerated felony eligible for reduction under Penal Code section 1170.18(a). Defendant contends that; although, the statute does not explicitly include his offense, it should be applied due to a change in

2

the statutory language following his conviction.  Health and Safety Code section 11379(a) was amended in 2014 to clarify that 'transportation' under this section is to be interpreted as 'transportation for sale.'  Defendant contends that this change is significant enough that he would not have been convicted of a felony had the change been in place at the time of conviction, so therefore he is entitled to application of Penal Code section 1170.18.  However, this argument fails due to the fact that Defendant was concurrently found guilty of possession *for sale* of the same substance at the time he was convicted of the above offense.  Assuming that the current statute had been in effect at the time, Defendant still would have been convicted of the felony offense due to the jury's finding that he had possessed the substance with the intent to sell at the time he was transporting the substance."

On November 5, 2020, the trial court denied the petition.  The court found that the charges for which defendant was convicted of do not qualify for reclassification and reduction under section 1170.18.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant filed a supplemental brief arguing that the trial court erred in denying his petition and he is entitled to retroactive benefit of a 2013 amendment to Health and Safety Code section 11379 in combination with Proposition 47, the Safe Neighborhoods and Schools Act (enacted by the electorate Nov. 4, 2014).  We disagree.

In October 2013, the Legislature narrowed the transportation statute by specifying that "[f]or purposes of this section, 'transports' means to transport for sale."  (Assem. Bill

3

No. 721 (2013-2014 Reg. Sess.) § 2; see Health & Saf. Code, § 11379, subd. (c).) In 2014, the electorate approved Proposition 47, which reduced certain drug-related and theft-related offenses to misdemeanors. (Pen. Code, § 1170.18, subd. (a).) Proposition 47 does not explicitly refer to Health and Safety Code section 11379 or any other transportation offense. Proposition 47 does not afford defendant relief because transportation in violation of Health and Safety Code section 11379 is not among the crimes the electorate declared to be reducible. (Pen. Code, §§ 1170.18, 1170.126.) "Because Proposition 47 did not reduce the transportation of a controlled substance from a felony to a misdemeanor, [defendant] is ineligible for resentencing on that offense." (*People v. Martinez* (2018) 4 Cal.5th 647, 653.) And the amendment to Health and Safety Code section 11379 does not apply retroactively to defendant's conviction, which became final prior to amendment. (*In re Estrada* (1965) 63 Cal.2d 740, 745; *People v. Superior Court (Rodas)* (2017) 10 Cal.App.5th 1316, 1321.) "[A]meliorative legislation does not affect convictions that have become final." (*Martinez, supra*, at p. 655.)

Even if the amendment did apply, it would afford defendant no relief. The jury found beyond a reasonable doubt that he transported the same methamphetamine, in the same vehicle, on the same occasion, for purposes of sale when it convicted him of possessing the methamphetamine for sale in violation of Health and Safety Code section 11378.

Having examined the record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. We therefore affirm the trial court's order denying defendant's petition.

4

## DISPOSITION

The order is affirmed.

|                          |
| ------------------------ |
| _____/s/_____        |
| RAYE, P. J.              |

We concur:

|                          |
| ------------------------ |
| _____/s/_____        |
| MURRAY, J.               |

|                          |
| ------------------------ |
| _____/s/_____        |
| HOCH, J.                 |

5