Filed 1/23/25  P. v. Jackson CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H052419 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. MCR8306A) |
| v. | |
| STEPHEN R. JACKSON, | |
| Defendant and Appellant. | |

### THE COURT[1]

Stephen R. Jackson appeals from an order denying his application to have his felony conviction for violation of former Insurance Code section 1871.1, subdivision (a)(3), designated as a misdemeanor pursuant to Penal Code section 1170.18, subdivision (f).[2]  Proposition 47, the Safe Neighborhoods and Schools Act (Proposition 47), reclassified as misdemeanors certain offenses that previously were or could be charged as felonies, and added section 1170.18, subdivision (f), which allows a defendant who has completed a sentence for such a felony conviction to apply to have the conviction redesignated as a misdemeanor.  The trial court determined Jackson was not eligible for relief under section 1170.18.  Counsel filed a brief pursuant to *People v. Delgadillo*

---

[1] Before Greenwood, P. J., Danner, J., and Bromberg, J.
[2] All statutory references are to the Penal Code unless otherwise indicated.

(2022) 14 Cal.5th 216 (*Delgadillo*), and Jackson subsequently filed a supplemental brief on his own behalf. For the reasons set forth below, we affirm the order.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

In 1992, Jackson was charged by information with conspiracy to commit insurance fraud (count 1; § 182, subd. (a)(1); former Ins. Code, § 1871.1, as amended by Stats. 1991, ch. 1008, § 2)[4]; causing or participating in a vehicular collision or any other vehicular accident for the purpose of presenting a false or fraudulent claim (count 2; Ins. Code, § 1871.1, subd. (a)(3)); presenting or causing to be presented a false or fraudulent insurance claim (count 3; Ins. Code, § 1871.1, subd. (a)(1)); presenting a false or fraudulent claim for loss or theft, destruction, damage, or conversion of the contents of a motor vehicle (count 4; Ins. Code, § 1871.1, subd. (a)(4)); and, preparing a false police report and authorization of medical records/employment records with intent to present it in support of a false or fraudulent claim (count 5; Ins. Code, § 1871.1, subd. (a)(5)). Jackson was convicted by plea of count 2, violation of Insurance Code section 1871.1, subdivision (a)(3), a felony, and placed on felony probation. The trial court dismissed the other four counts.

In 2024, Jackson filed an application to have his felony conviction designated as a misdemeanor under section 1170.18, subdivision (f). He claimed that the offense was eligible under section 1170.18, subdivision (a), and confirmed that he had completed his sentence. Without holding a hearing, the trial court denied the application, stating, "This conviction is not eligible for the relief request[ed]." Jackson timely filed a notice of appeal.

---

[3] The underlying facts are not relevant to the issue raised on appeal.
[4] Subsequent references to Insurance Code section 1871.1 are to the version in effect in 1992. The Legislature later repealed the statute and reenacted it as Penal Code section 550, without substantive change. (Stats. 1992, ch. 675, §§ 4, 8.) As it exists today, section 550 remains similar to the version of Insurance Code section 1871.1 under which Jackson was charged.

On appeal, counsel filed an opening brief pursuant to the procedure set forth in *Delgadillo, supra*, 14 Cal.5th at pages 231-232. We notified Jackson that he could file a supplemental brief on his own behalf, and that failure to do so would result in dismissal of the appeal as abandoned. (*Id.* at p. 232.) Jackson filed such a brief, arguing that "the trial court erred in aggregating the check values in determining defendant's eligibility for resentencing under [section 1170.18]. . . ."[5] Jackson contends that he is eligible for resentencing because "none of the individual check(s) had a value greater than" $950. Thus, he believes that his offense should be reduced to a misdemeanor under Proposition 47. Moreover, he claims he never received or saw the check at issue, and did not destroy or damage any property.

Having reviewed the supplemental brief, we conclude that Jackson does not raise an arguable issue on appeal. Accordingly, we affirm the trial court's order.

## II. DISCUSSION

An issue is arguable if it has a reasonable potential for success, and, if resolved favorably for the appellant, the result will either be a reversal or a modification of the judgment. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Proposition 47, approved in November 2014, "makes certain drug-and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 "also added . . . section 1170.18, which permits those previously convicted of felony offenses that Proposition 47 reduced to misdemeanors to petition to have such felony convictions resentenced or redesignated

---

[5] The record on appeal does not include any reference to checks in the complaint or information filed in the underlying action. Given the context, presumably Jackson is referring to a check or checks received as a result of the claim made to an insurance company that underlies the charges filed against him.

3

as misdemeanors." (*People v. Buycks* (2018) 5 Cal.5th 857, 871, fn. omitted.) "The ultimate burden of proving section 1170.18 eligibility lies with the petitioner." (*People v. Romanowski* (2017) 2 Cal.5th 903, 916.) In reviewing a section 1170.18 petition, "the court has no obligation to hold an evidentiary hearing where the petitioner's eligibility or ineligibility for relief is evident as a matter of law." (*People v. Simms* (2018) 23 Cal.App.5th 987, 993.)

Here, the trial court properly denied Jackson's section 1170.18, subdivision (f) petition to redesignate his felony conviction for causing or participating in a vehicular collision or any other vehicular accident for the purpose of presenting a false or fraudulent claim as a misdemeanor. First, the offenses amended or added by Proposition 47 are sections 459.5, 473, 476a, 490.2, 496, and 666, and Health and Safety Code sections 11350, 11357, and 11377. The offense of causing or participating in a vehicular collision or any other vehicular accident for the purpose of presenting a false or fraudulent claim, as defined in either former Insurance Code section 1871.1, subdivision (a)(3), or current Penal Code section 550, subdivision (a)(3), is not one of the reduced offenses included in the text of Proposition 47. Because Jackson was not convicted of a felony offense that Proposition 47 reclassified as a misdemeanor, he is not eligible to have his felony conviction redesignated as a misdemeanor under section 1170.18, subdivision (f).

The California Supreme Court has explained that "the requirement that resentencing occur 'in accordance with' one of the nine code sections listed in [section 1170.18, subdivision (a)] does not make resentencing eligibility contingent upon the petitioner having been *convicted* under one of those provisions. [Citation.] It is illogical to limit Proposition 47-eligible felonies only to convictions under the listed statutes because . . . two of the listed statutes ([]§§ 459.5, 490.2) were themselves created by Proposition 47, 'which means that no defendant could have been serving a felony sentence for these offenses on the initiative's effective date.' [Citations.] A

4

'straightforward reading' of [section 1170.18, subdivision (a)'s] text led us to conclude . . . that defendants convicted of a felony for stealing vehicles worth $950 or less, including under Vehicle Code section 10851 (a provision not listed in [section 1170.18, subdivision (a)]), are eligible for resentencing because they 'would have been guilty only of a misdemeanor had . . . section 490.2 been in effect at the time.' [Citation.]" (*People v. Martinez* (2018) 4 Cal.5th 647, 652 (*Martinez*).) Thus, the fact that a statutory provision is not enumerated in section 1170.18, subdivision (a) is not necessarily fatal to a defendant's petition for resentencing or reclassification. (*Ibid.*) "Rather, [a defendant's] eligibility for resentencing turns on whether he is a person serving 'a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [Proposition 47] been in effect at the time of the offense . . . .' [§ 1170.18, subd. (a).]" (*Martinez,* at p. 652.)

*People v. Salmorin* (2016) 1 Cal.App.5th 738 (*Salmorin*), a case Jackson cites in support of his arguments in his supplemental brief, is an example of a situation where a conviction of a crime not enumerated in section 1170.18 still qualified for relief under the statute. The defendant in *Salmorin* was convicted of forgery under section 470, subdivision (d), but was eligible for relief because "Proposition 47 changed the law regarding the punishment of forgery by adding section 473, subdivision (b). . . ." (*Id*. at p. 743.) Unlike in *Salmorin*, none of the statutes added by Proposition 47 changed the law concerning the offense of, or punishment for, the crime at issue in Jackson's case—causing or participating in a vehicular collision or any other vehicular accident for the purpose of presenting a false or fraudulent claim.

Citing to *Salmorin* and the provisions of Proposition 47 that reduce other property theft crimes to misdemeanors where the property is valued at $950 or less, Jackson argues that his offense of causing or participating in a vehicular collision for the purpose of presenting a false claim should be treated similarly under section 1170.18 because the value of the checks at issue in this case was less than $950. In so doing, Jackson fails to

5

acknowledge that both before *and after* Proposition 47 the offense for which he served his sentence was classified as a felony. At the time of his conviction, Insurance Code section 1871.1, subdivision (b)(1) provided: "Every person who violates paragraph (1), (2), (3), (4), (5), or (6) of subdivision (a) of this section is punishable by imprisonment in the state prison, for two, three, or five years, or by a fine not exceeding fifty thousand dollars ($50,000), or by both, unless the value of the fraud exceeds fifty thousand dollars ($50,000), in which event the fine may not exceed the value of the fraud." Similarly, current section 550, subdivision (c)(1), provides: "Every person who violates paragraph (1), (2), (3), (4), or (5) of subdivision (a) is guilty of a felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or five years, and by a fine not exceeding fifty thousand dollars ($50,000), or double the amount of the fraud, whichever is greater." Like Insurance Code section 1871.1, subdivision (a)(3) did at the time of Jackson's conviction, section 550, subdivision (a)(3) makes it unlawful to "[k]nowingly cause or participate in a vehicular collision, or any other vehicular accident, for the purpose of presenting any false or fraudulent claim." Thus, even if the Legislature intended section 1170.18 to apply to offenses that are not explicitly enumerated in subdivision (a), the language of section 550, subdivision (a)(3), as amended after Proposition 47, makes it clear that the Legislature intended to continue treating as a felony the crime of participating in a vehicular collision or accident for the purpose of presenting a false claim.

Moreover, nothing in the relevant statute bases the punishment for the crime of participating in a vehicular collision for the purpose of presenting a false claim on the value of the property or claim at issue. By comparison, other offenses set forth in Insurance Code section 1871.1 (and now section 550) are treated as misdemeanors if the claim or amount at issue is less than or equal to a certain amount ($400 under Insurance Code section 1871.1 and $950 under section 550). (Ins. Code, § 1871.1, subd. (b)(2)(B); § 550, subd. (c)(2)(B).) There is no arguable issue on appeal that allows this court to

6

apply section 1170.18, subdivision (f) to the offense of participating in a vehicular collision for the purpose of presenting a false claim given the clear language of the relevant statutory provisions.[6]

In addition to alleging that the value of the claim at issue in his conviction should make him eligible for relief under section 1170.18, subdivision (f), Jackson argues that he "was never given a check," "never saw the check", and that he "didn't destroy any property or damage any property." Any contention that the facts were insufficient to support his 1992 plea to a violation of Insurance Code section 1781.1, subdivision (a)(3) constitutes a collateral attack on the judgment not within the purview of section 1170.18. His apparent claim that the evidence was insufficient is, therefore, not cognizable on appeal from an order denying relief under section 1170.18.

### III. DISPOSITION

The July 19, 2024 order denying appellant's application for relief under Penal Code section 1170.18 is affirmed.

---

[6] Because the value of the claim has no bearing on the punishment under Insurance Code section 1871.1, the appellate court's holding in *Salmorin,supra*, 1 Cal.App.5th at page 745, that the trial court erred in aggregating the value of individual checks forged by the defendant therein, does not create an arguable issue in this appeal.