Filed 10/30/20  P. v. Cardin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073640 |
| v. | (Super.Ct.No. SWF017487) |
| MARTIN SHANNON CARDIN SR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

In 2007, Martin Shannon Cardin Sr. pleaded guilty to multiple felonies and to having a prior serious felony conviction and three prior prison offenses. The court sentenced him to 19 years four months, which included three years for the prior prison term offenses.

On May 8, 2019, Cardin petitioned to reduce one of his felony convictions to a misdemeanor under Proposition 47, and the trial court denied his petition. Though Cardin filed a notice of appeal challenging the trial court's denial of his Proposition 47 petition, his briefing does not address that order. Instead, he argues that recently enacted Senate Bill No. 136 (Senate Bill 136) applies to his final judgment retroactively, and we should therefore strike his three prior prison offense enhancements and reduce his aggregate sentence by three years. As we explain, Cardin has identified no error in the order he appealed and is instead attempting to use this appeal as a way to challenge a long final judgment. We therefore affirm.

I

FACTS

On January 14, 2006, Cardin orchestrated a home invasion robbery with three other men. They each carried a baseball bat and threatened to kill the residents before making off with several thousand dollars in cash and some marijuana.

In May 2007, Cardin pleaded guilty to two counts of first degree residential robbery in concert with others (Pen. Code, §§ 211, 213, subd. (a)(1)(A), unlabeled statutory citations refer to this code), and one count of receiving stolen property (§ 496,

2

subd. (a)). He also admitted a prior strike, a prior serious felony conviction, and three prior prison offenses. In exchange for his plea, the parties agreed to an aggregate sentence of 19 years four months and to dismiss all other charges and allegations. The court sentenced Cardin according to the parties' agreement, which included imposing three one-year terms for the three prior prison offense enhancements.

On December 31, 2014, Cardin petitioned under Proposition 47 to reduce his receiving stolen property conviction from a felony to a misdemeanor. On October 5, 2015, the People opposed the petition. On July 12, 2016, the trial court denied the petition on the grounds that he failed to meet his burden to prove the value of stolen property received and that he posed a danger to the public.

On May 8, 2019, Cardin filed another Proposition 47 petition to reduce his receiving stolen property conviction to a misdemeanor. The court also denied this petition, concluding nothing had changed since Cardin filed his first petition and therefore his remedy was to appeal the denial of his first petition, "not file an amended petition three years later." Cardin filed a timely notice of appeal challenging the court's denial order.

II

ANALYSIS

In his briefing, Cardin omits any discussion of why the court's denial order was erroneous and instead argues the recent passage of Senate Bill 136 should be applied retroactively to his sentence. He argues that although his judgment is final, and therefore

the principle articulated in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) doesn't apply to him, equal protection principles require us to apply Senate Bill 136 to final judgments as well as non-final judgments. As we explain, Senate Bill 136 does not apply retroactively to final judgments and, in any event, this appeal is not the proper vehicle to raise this argument.

In October 2019 (five months after Cardin filed the Proposition 47 petition at issue in this appeal), the Legislature enacted Senate Bill 136, which amended former section 667.5, subdivision (b). (Stats 2019, ch. 590, § 1.) (2019-2020 Reg. Sess.) "Prior to this amendment, the statute provided for a one-year enhancement for each prior separate prison term, unless the defendant remained free from both prison custody and the commission of a new felony for a five-year period after discharge. [Citations.] After the amendment, 'a one-year prior prison term enhancement will only apply if a defendant served a prior prison term for a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b).' " (*People v. Gastelum* (2020) 45 Cal.App.5th 757, 772; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340-341 (*Lopez*).) The amended statute became effective January 1, 2020. (*Lopez*, at p. 341; see Cal. Const., art. IV, § 8, subd. (c); Gov. Code, § 9600, subd. (a).) It is undisputed Cardin had no prior convictions for a sexually violent offense. Therefore, if Cardin were convicted today, the trial court could not have imposed a one-year enhancement for each of his three prior prison terms.

"When an amendatory statute either lessens the punishment for a crime or . . . ' "vests in the trial court discretion to impose either the same penalty as under the former law or a lesser penalty," ' it is reasonable for courts to infer, absent evidence to the contrary and as a matter of statutory construction, that the Legislature intended the amendatory statute to retroactively apply to the fullest extent constitutionally permissible—that is, to all cases not final when the statute becomes effective." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972, italics omitted.) "Retrospective application of a new penal statute is an exception to the general rule . . . which bars retroactive application of new Penal Code statutes unless the Legislature has expressly provided for such application." (*People v. Arredondo* (2018) 21 Cal.App.5th 493, 506.) Moreover, " 'in the absence of an express retroactivity provision . . . [or] unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final." (*People v. Martinez* (2018) 4 Cal.5th 647, 655.)

The presumption that ameliorative laws should apply retroactively to non-final judgments was cemented in *Estrada*, *supra*, 63 Cal.2d 740. However, *Estrada* did not otherwise undermine the rule against retroactive application. "*Estrada* is today properly understood, not as weakening or modifying the default rule of prospective operation codified . . . but rather as informing the rule's application in a specific context by articulating the reasonable presumption that a legislative act mitigating the punishment

5

for a particular criminal offense is intended to apply to all nonfinal judgments." (*People v. Brown* (2012) 54 Cal.4th 314, 324.)

It is undisputed that Cardin's judgment was final at the time he filed his petition under Proposition 47.

" 'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Cardin claims his right to appeal stems from section 1237, subdivision (b), which permits a defendant to appeal "from an order made after judgment, affecting the substantial rights of the [party]." However, "[a]n order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights." (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344 (*Alexander*).) "Any appeal from such an order must be dismissed." (*Id*. at p. 344.)

Courts have held in similar cases that ameliorative amendments to the law do not grant a trial court jurisdiction to resentence a defendant whose judgment is final without explicit statutory authority. (E.g., *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Senate Bill No. 620, however, does not contain language authorizing resentencing of convictions after they became final. And absent any new authority to resentence defendant under Senate Bill No. 620, the trial court lacked jurisdiction to grant defendant's resentencing request."].) For instance, in *People v. Johnson* (2019) 32 Cal.App.5th 938, the appellate court considered an appeal regarding then recently enacted Senate Bill No. 620 (Senate Bill 620). Prior to the passage of Senate Bill 620

6

"the trial court had no discretion to strike or dismiss a firearm use enhancement. [Citation.] However, Senate Bill [] 620 amended the statute . . . to give the trial court discretion . . . to strike a firearm enhancement." (*Id.* at p. 941.) Johnson, who was serving a prison term after final judgment which included additional time for a firearm use enhancement, moved the trial court to stay his gun enhancement. The trial court denied his motion. (*Ibid.*) The reviewing court dismissed his appeal, concluding "the trial court's order is not appealable because the trial court lacked jurisdiction to consider the merits of appellant's motion." (*Ibid.*) The reviewing court reasoned that because the new amendment didn't apply to final judgments, the trial court had no jurisdiction to grant the motion. Therefore the order denying the motion was "not an 'order made after judgment, affecting the substantial rights of the party,' " because the trial court lacked jurisdiction to rule on the motion in a way that affected Johnson's rights one way or the other. (*Ibid.*)

Similarly, in *Alexander*, *supra*, 45 Cal.App.5th 341, the reviewing court considered a defendant's appeal from the denial of a motion for resentencing under Senate Bill No. 1393 (Senate Bill 1393). Senate Bill 1393 made imposing five-year enhancements for prior serious felony convictions discretionary, rather than mandatory. (*Id.* at p. 344.) Alexander attempted to move for resentencing under the new law, even though his conviction was final. (*Ibid.*) Again, the reviewing court concluded the trial court lacked jurisdiction to hear Alexander's motion for resentencing, and therefore he had no right to appeal the decision. (*Id.* at pp. 344-345.)

7

As with Senate Bills 620 and 1393, Senate Bill 136 did not provide any statutory method by which a defendant with a final judgment could seek to be resentenced. Therefore, the trial court lacked jurisdiction to hear motions for resentencing or other attempts to obtain the ameliorative benefits of Senate Bill 136 where the defendant's judgment was final.

Cardin argues *Johnson* and *Alexander* are distinguishable because Senate Bills 620 and 1393 merely made formerly mandatory enhancements discretionary, while Senate Bill 136 effectively eliminates certain enhancements. But we don't see how this distinction makes a difference. All three amendments were ameliorative, all three affected sentence enhancements, and none of them contained any process for resentencing, or indication they should be applied retroactively. The differences in the amendments only affect the trial court's prospective discretion; they don't affect the trial court's fundamental jurisdiction.

In sum, it appears Cardin is trying to shoehorn an invalid challenge to a final judgment into an appeal of the denial of his Proposition 47 petition. Because he has failed to demonstrate any error in the order he actually appealed, we affirm. (See 9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 701 ["every brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration."].)

III

DISPOSITION

We affirm the order denying Cardin's petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____

J.

We concur:


RAMIREZ _____

P. J.


McKINSTER _____

J.