Filed 5/31/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOB LUNA MEDINA,<br><br>    Defendant and Appellant. | B284236<br><br>(Los Angeles County<br>Super. Ct. No. BA417306-02) |

 

APPEAL from an order of the Superior Court of Los Angeles County, David M. Horowitz, Judge.  Affirmed.

Claudia A. Martinez, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Blythe J. Leszkay and Marc A. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Job Luna Medina appeals from an order denying his motion to reduce a felony conspiracy conviction to a misdemeanor under Penal Code section 17, subdivision (b)(3) (section 17(b)(3)) or Health and Safety Code section 11361.8, subdivision (e) (section 11361.8(e)).  We affirm the denial order.  We conclude the trial court had discretion to reduce the offense under section 17(b)(3) and properly exercised that discretion.  We further conclude defendant's conspiracy offense is not eligible for reduction under section 11361.8(e).

# II. DISCUSSION

## A. *Background*

On June 5, 2015, defendant pled guilty to felony conspiracy to commit a crime.  (Pen. Code, § 182, subd. (a)(1).)  The target offense was marijuana possession for sale.  (Health & Saf. Code, § 11359.)  The trial court suspended imposition of sentence and placed defendant on probation for one year.

Both at the time defendant engaged in the conspiracy (2013) and when he entered his guilty plea, marijuana possession for sale was a felony.  (Health & Saf. Code, § 11359, Stats. 2011, ch. 15, § 161.)[1]  Because the target offense was a felony, the

---

[1]  Health and Safety Code section 11359 then stated:  "Every person who possesses for sale any marijuana, except as otherwise provided by law, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code."

conspiracy was a felony. (Pen. Code, § 182, subd. (a); *People v. Athar* (2005) 36 Cal.4th 396, 398, 400.) However, under the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64), effective November 9, 2016, with exceptions not pertinent here, the target marijuana possession for sale offense is now a misdemeanor. (Health & Saf. Code, § 11359, as amended by Proposition 64.)[2]

On February 22, 2017, defendant filed a motion to reduce his felony conviction pursuant to sections 17(b)(3) and 11361.8(e). On March 22, 2017, the court held a hearing on defendant's motion and denied it. On April 27, 2017, defendant filed an amended motion to reduce under sections 17(b)(3) and 11361.8(e). The court considered the motion on June 26, 2017. Without referencing its earlier denial of defendant's motion, the court again denied it.

B. *Section 17(b)(3)*

Section 17(b)(3) allows a trial court, in its discretion, to declare a "wobbler" offense a misdemeanor rather than a felony

---

[2] As amended by Proposition 64, Health and Safety Code section 11359, subdivision (b) provided: "Every person 18 years of age or over who possesses marijuana for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment." (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 8.3, p. 205.)

A more recent amendment to Health and Safety Code section 11359 substituted the word cannabis for marijuana. (Stats. 2017, ch. 27, § 124, eff. June 27, 2017.)

when, as here, a defendant is granted probation without imposition of sentence.  Section 17(b)(3) provides:  "(b) When a crime is punishable, in the discretion of the [trial] court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of [Penal Code] Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶]  (3)  When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the [trial] court declares the offense to be a misdemeanor."

Defendant's conspiracy crime became a "wobbler" (i.e., alternatively punishable as a felony or misdemeanor) after Proposition 64 made the target of the conspiracy—possession of marijuana for sale—a misdemeanor offense.[3]  (Pen. Code, § 182; *People v. Mullins* (2018) 19 Cal.App.5th 594, 611; *People v. Tatman* (1993) 20 Cal.App.4th 1, 7.)  That defendant entered a guilty plea to a felony did not preclude the trial court from

---

[3]     Penal Code section 182 states:  "(a) If two or more persons conspire:  [¶]  (1) To commit any crime.  [¶] . . . [¶]  They are punishable as follows:  [¶] . . . [¶]  When they conspire to commit any . . . felony [other than against certain public officials], they shall be punishable in the same manner and to the same extent as is provided for the punishment of that felony. . . .  [¶] . . . [¶] When[, with exceptions not applicable here,] they conspire to do any of the other acts described in this section, they shall be punishable by imprisonment in a county jail for not more than one year, or pursuant to subdivision (h) of [Penal Code] Section 1170, or by a fine . . . or by both that imprisonment and fine."

4

exercising its discretion under section 17(b)(3). (*People v. Feyrer* (2010) 48 Cal.4th 426, 430-431.)

Our review of the trial court's order denying relief under section 17(b)(3) is for an abuse of discretion. (*People v. Park* (2013) 56 Cal.4th 782, 787.) The burden is on defendant to show the trial court's decision was irrational or arbitrary. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977; *People v. Mullins, supra*, 19 Cal.App.5th at p. 611.)

Defendant has not met his burden. The trial court properly considered the facts and circumstances of the offense as well as defendant's character. (*People v. Superior Court* (*Alvarez*), *supra*, 14 Cal.4th at p. 978.) Defendant participated in a conspiracy to sell a large quantity of marijuana, at least 35 pounds.[4] He had prior arrests involving marijuana and other illegal drugs. The trial court reasonably declined to exercise its discretion in defendant's favor. That decision was neither irrational nor arbitrary.[5]

---

[4] In the trial court, the prosecutor represented, without challenge from the defense, that the amount involved was more than five pounds. On appeal, defendant concedes: "[T]he facts are that [defendant] was one of 3 [codefendants], and 35 one-pound bags were found inside the location where the other two [codefendants] had been before [defendant] arrived."

[5] On appeal for the first time, defendant objects to the brevity of the trial court's explanation for its decision. But defendant never requested a further explanation. Moreover, the record as a whole demonstrates the trial court considered the relevant facts and circumstances.

C. *Section 11361.8(e)*

Section 11361.8(e), which was added by Proposition 64, permits a person convicted of specified marijuana-related offenses, including possession for sale, to apply to have a felony conviction redesignated a misdemeanor or infraction. Section 11361.8(e) states: "A person who has completed his or her sentence for a conviction under *Sections 11357* [possession], *1135*8 [planting, harvesting or processing], *11359* [possession for sale], and *11360* [transportation, importation or sale], . . . who would not have been guilty of an offense or who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense, may file an application . . . to have the conviction . . . redesignated as a misdemeanor or infraction in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act." (§ 11361.8(e), italics added.)

Whether defendant's conviction rendered him eligible for reduction under section 11361.8(e), presents a question of statutory interpretation, which we review de novo. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878.)[6] Defendant's felony conspiracy conviction was not eligible for reduction under section 11361.8(e). Penal Code section 182, the conspiracy statute, is not a marijuana-related offense specified in section 11361.8(e). As our Supreme Court explained in discussing Proposition 47, "the mere fact that [the statute of conviction] is not one of the code

---

[6] Neither party submitted any evidence to the trial court. (See Health & Saf. Code, § 11361.8, subd. (f).)

sections enumerated in Penal Code section 1170.18(a) [Proposition 47] is not fatal to [defendant's] petition." (*People v. Martinez* (2018) 4 Cal.5th 647, 652.) Rather, defendant's eligibility for reduction turns on whether he is a person who "would not have been guilty of an offense or who would have been guilty of a lesser offense under [Proposition 64] had that act been in effect at the time of the offense." (§ 11361.8(e); *see People v. Martinez, supra*, 4 Cal.5th at p. 652.) Here, defendant *would not* have been guilty of a lesser offense by the mere application of Proposition 64; although he *could* have been guilty of a lesser offense had the trial court granted defendant's section 17(b)(3) motion. That is because "a 'wobbler[]' is deemed a felony unless charged as a misdemeanor by the People or reduced to a misdemeanor by the sentencing court under [section 17(b)]." (*People v. Statum* (2002) 28 Cal.4th 682, 685; *see also People v. Park, supra*, 56 Cal.4th at p. 793 ["a wobbler becomes a 'misdemeanor for all purposes' under section 17(b)(3) only when the court takes affirmative steps to classify the crime as a misdemeanor"].)

Nor does Proposition 64's redesignation of possession of marijuana for sale as a misdemeanor change our analysis. "Criminal conspiracy is an offense distinct from the actual commission of a criminal offense that is the object of the conspiracy. [Citations.]" (*People v. Morante* (1999) 20 Cal.4th 403, 416). The crimes of conspiracy and possession for sale require proof of different elements. (*People v. Johnson* (2013) 57 Cal.4th 250, 257 [elements for conspiracy]; *People v. Harris* (2000) 83 Cal.App.4th 371, 374 [elements for possession for sale].) Moreover, the Legislature, by expressly providing in Penal Code section 182 for the felony sentencing of a defendant who

conspires to commit a misdemeanor, has indicated that a felony conspiracy is a more serious crime than the underlying misdemeanor. "A conspiracy to commit a misdemeanor does not elevate the misdemeanor to a felony. It is the unlawful agreement to commit a criminal offense that constitutes a felony. The theory behind these principles is that collaborative criminal activities pose a greater potential threat to the public than individual acts." (*People v. Tatman, supra*, 20 Cal.App.4th at p. 8.) The voters, in enacting section 11361.8(e), recognized that the new law would "continue to allow prosecutors to charge the most serious marijuana-related offenses as felonies, while reducing the penalties for minor marijuana-related offenses." (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 2G, p. 179.) In our view, defendant's felony conspiracy conviction is the type of serious offense that prosecutors may continue to charge, and courts may continue to sentence, as a felony.[7] We thus conclude that defendant's felony conspiracy conviction is not eligible for reduction under section 11361.8(e). (See *People v. Segura* (2015) 239 Cal.App.4th 1282, 1284 [felony conspiracy conviction not eligible for reduction under Proposition 47].)

---

[7] Accepting the contrary argument, that defendant is eligible for Proposition 64 relief notwithstanding his conspiracy offense, would mean there is no principled basis to deny relief to any defendant convicted of conspiracy to sell marijuana, even for those involved in far more sophisticated conspiracies with larger numbers of defendants and larger quantities of marijuana than at issue here. We doubt that California voters had that result in mind, particularly without a clearer indication of such an intent in the text of the Proposition itself.

8

## III.  DISPOSITION

The trial court's June 26, 2017 order is affirmed.
CERTIFIED FOR PUBLICATION


                                                KIM, J.*

We concur:


KRIEGLER, Acting P.J.


BAKER, J.

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9