Filed 1/14/21  P. v. Rivera CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT RIVERA,<br><br>    Defendant and Appellant. | B302300<br><br>Los Angeles County<br>Super. Ct. No. BA405317 |

APPEAL from an order of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Affirmed.

Marks & Brooklier and Donald B. Marks for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

———————————

Albert Rivera appeals a trial court order denying his request to reduce his felony conviction to a misdemeanor. We affirm.

On September 12, 2013, Rivera pleaded no contest to a violation of Penal Code section 311.11(a), felony possession of child pornography. (All the statutory citations that follow are to the Penal Code.) The trial court suspended imposition of sentence, and placed Rivera on five years of formal probation with conditions including 180 days in county jail.

After he successfully completed his probation, on September 16, 2019, Rivera filed a motion to dismiss the complaint under section 1203.4, and to reduce his conviction to a misdemeanor under section 17, subdivision (b). At a hearing on October 8, 2019, the prosecutor stated the case involved Rivera's possession of 70 videos and 1,058 images of "forcible penetrative assaults on young children." The trial court granted the request for dismissal, stating it had no discretion ("[I]f the defendant successfully completes probation, I cannot stand in the way of the expungement."). The court pointed out it did have discretion to deny reduction to a misdemeanor because "[t]hat's a question of the nature of the offense." The court acknowledged Rivera had no criminal history, and continued: "70 videos that show forcible sex acts on minors—that's not a misdemeanor." The court denied Rivera's request to reduce the conviction to a misdemeanor.

## DISCUSSION

A defendant who moves under section 1203.4 for expungement of the record of conviction is "entitled as a matter of right to its benefits upon a showing that he 'has fulfilled the conditions of probation for the entire period of probation,' " requiring the court to grant the motion when, as here, the

defendant has shown exemplary conduct during the entire probationary period.  (*People v. Chandler* (1988) 203 Cal.App.3d 782, 788-789.)  But a convicted defendant who successfully completes probation is not *entitled* to a reduction to a misdemeanor under section 17, subdivision (b), which "is an act of leniency by the trial court." (*People v. Tran* (2015) 242 Cal.App.4th 877, 892.)  The court has discretion whether to grant a request for reduction to a misdemeanor under section 17, subdivision (b).  (*People v. Gollardo* (2017) 17 Cal.App.5th 547, 561-562).  We therefore review the trial court's denial of relief for an abuse of discretion, and the burden is on Rivera to show the court's decision was irrational or arbitrary.  (*People v. Medina* (2018) 24 Cal.App.5th 61, 65.)

The facts and circumstances of the offense are a relevant consideration in the court's decision whether to grant the request. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978.) Here, the court denied the request based on the nature and circumstances of the offense, while mentioning Rivera's lack of criminal history.  Rivera "present[s] no argument showing the court's determination was made 'outside the perimeters drawn by individualized consideration of the offense, the offender, and the public interest.' " (*People v. Bonilla* (2018) 29 Cal.App.5th 649, 661-662 [affirming a denial of reduction to a misdemeanor based solely on the nature of the offense]).

The trial court's decision was neither irrational nor arbitrary.

## DISPOSITION

The order denying defendant's Penal Code section 17, subdivision (b) motion is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

LAVIN, J.