Filed 4/9/21  P. v. Braganza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C091158 |
| Plaintiff and Respondent, | (Super. Ct. No. CH030105) |
| v. | |
| ALEX JONATHAN BRAGANZA, | |
| Defendant and Appellant. | |

Defendant Alex Jonathan Braganza pleaded guilty to possessing less than an ounce of cannabis in 2011 while in prison, in violation of Penal Code section 4573.6. In 2017 voters passed Proposition 64, decriminalizing adult possession of less than an ounce of cannabis in most situations. Defendant filed a petition in superior court requesting dismissal of his conviction under Proposition 64, which the trial court denied. On appeal, defendant argues Proposition 64's reach includes decriminalization of cannabis possession in prison. We will affirm.

1

BACKGROUND

In August 2012, defendant was charged with possession of cannabis while an inmate at High Desert State Prison (Pen. Code, § 4573.6) and resisting an executive officer using force or violence (Pen. Code, § 69) on or about October 11, 2011. It was further alleged as to both counts defendant had two prior convictions for serious or violent felonies (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). Defendant possessed 0.68 grams of cannabis.

Defendant pleaded guilty to possession and admitted one prior conviction; the remaining charges were dismissed. The court sentenced defendant to the middle term of three years for possession in prison, doubled to six years for the prior strike.

In October 2019, defendant petitioned for resentencing under Health and Safety Code section 11361.8, subdivision (b).[1] After an initial denial without prejudice and further research, the court denied the petition.

DISCUSSION

Defendant argues on appeal the trial court erred in not dismissing his conviction for possessing 0.68 grams of cannabis. Defendant contends Proposition 64 decriminalized possession of less than an ounce[2] of cannabis in all but specific exceptions not relevant to him, invalidating his Penal Code section 4573.6 conviction. Though ingestion and smoking cannabis in prison remain illegal, defendant asserts there is no such exception from Proposition 64's decriminalization for possessing cannabis in prison. We disagree.

Penal Code section 4573.6 provides: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which

---

[1] Undesignated statutory references are to the Health and Safety Code.

[2] An ounce equals about 28.5 grams. (*People v. Trippet* (1997) 56 Cal.App.4th 1532, 1547, fn. 10.)

2

is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . is guilty of a felony . . . ." (Pen. Code, § 4573.6, subd. (a).) In October 2011, at the time of defendant's offense, and immediately prior to Proposition 64 passing, section 11357, subdivision (b) made possession of not more than 28.5 grams of cannabis "an infraction punishable by a fine of not more than one hundred dollars ($100)." (§ 11357, former subd. (b), eff. Oct. 1, 2011, to Nov. 8, 2016.)

On November 8, 2016, voters approved Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act. Among other things, Proposition 64 decriminalized cannabis[3] possession and ingestion for adults over 21 years old in most circumstances. It accomplished this in several ways including adding section 11362.1. This section provides: "notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to" possess not more than 28.5 grams of unconcentrated cannabis or eight grams of concentrated cannabis, cultivate up to six cannabis plants, smoke or ingest cannabis products, or give away cannabis to other persons 21 years or older without compensation. (§ 11362.1, subd. (a).) Proposition 64 also amended section 11357, the provision prohibiting cannabis possession within division 10, to conform to section 11362.1. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 64, pp. 204-205.) Individuals who would not have been guilty of an offense had Proposition 64 been in effect at the time of their offense may petition to have their sentence recalled or dismissed. (§ 11361.8, subd. (a).)

There are several exceptions to the reach of section 11362.1's decriminalization under section 11362.45. This provision states, "Section 11362.1 does not amend, repeal,

---

[3] In 2017, the Legislature substituted the term "cannabis" for "marijuana" in the Health and Safety Code. (Stats. 2017, ch. 27, §§ 113-160.) Consequently, we use the term "cannabis" throughout this opinion for all purposes.

affect, restrict, or preempt," and then it enumerates several classes of laws involving cannabis possession and consumption in certain circumstances. Relevant to this appeal, subdivision (d) states: "Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or the Division of Juvenile Justice, or on the grounds of, or within, any other facility or institution referenced in Section 4573 of the Penal Code." (§ 11362.45, subd. (d).)

This appeal poses the question: Is possession of less than 28.5 grams of cannabis in prison still illegal after Proposition 64? Several courts, including this court, have already addressed this question, but there has not been uniformity. We follow those opinions concluding Proposition 64 does not permit possession of cannabis in prison.

This is a question of statutory interpretation, which we review de novo. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66.) " 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 900.) "Under fundamental rules of statutory construction, we must ascertain the intent of the Legislature, or the electorate, from examining the statute as a whole in order to effectuate the purpose of the law." (*People v. Saelee* (2018) 28 Cal.App.5th 744, 752.) " 'Absent ambiguity, we presume that the voters intend the meaning apparent on the face of an initiative measure [citation] and the court may not add to the statute or rewrite it to conform to an assumed intent that is not apparent in its language.' [Citation.] Where there is ambiguity in the language of the measure, '[b]allot summaries and arguments may be considered when determining the voters' intent and understanding of a ballot measure.' " (*Professional Engineers in California Government v. Kempton* (2007) 40 Cal.4th 1016, 1037.)

The court in *People v. Perry* (2019) 32 Cal.App.5th 885 (*Perry*) concluded possession of cannabis in prison is still illegal. *Perry* found important the use of "pertaining to" in section 11362.45, subdivision (d). "Definitions of the term 'pertain'

4

demonstrate its wide reach: It means . . . '[b]e appropriate, related, or applicable to' [citation]. We would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Perry,* at p. 891.) It also emphasized, "Section 11362.45, subdivision (d), states the exception to the legalization provision of section 11362.1 in extremely broad terms." (*Id.* at p. 892.) From this, "It is apparent that Proposition 64, in sections 11362.1 and 11362.45, was intended to maintain the status quo with respect to the legal status of cannabis in prison." (*Id.* at pp. 892-893.) The *Perry* court also rejected the defendant's argument that Penal Code section 4573.6 no longer applies to possession of less than 28.5 grams by an adult prisoner because Proposition 64 modified division 10. The court reasoned that such an interpretation "would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions." (*Perry,* at p. 894.) Finally, the court concluded if there was any ambiguity, the lack of any reference to reformation of cannabis laws in prison within Proposition 64's voter information confirms this reform was not intended. (*Perry,* at pp. 894-895.)

In *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*), a different panel of this court reached a different conclusion. The court relied on Proposition 64's elimination of cannabis from division 10: "the insertion of the qualifier 'prohibited by' before the reference to division 10 [in Penal Code section 4573.6] means that it limits the criminalized controlled substances to those prohibited by division 10. Possession of less than one ounce of cannabis is no longer prohibited by division 10, and therefore, according to the plain language of Penal Code section 4573.6, it is no longer a felony to possess less than one ounce in prison." (*Raybon,* at pp. 120-121.) The court also found no ambiguity in "pertaining to smoking or ingesting" in section 11362.45, subdivision (d) -- it only includes smoking and ingesting. Conversely, "it stretches the imagination to conclude that the drafters listed two distinct activities,

5

'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' " (*Raybon,* at p. 121.) This does not render "pertaining to" surplusage because it describes "the vast array of means of consumption and consumption, not possession, is the act the voters determined should remain criminalized if the user is in prison." (*Raybon,* at p. 122.) This includes acts of consumption other than smoking or ingesting, such as inhaling nonburning vapor or topical application. (*Ibid.*) "Had the drafters intended for possession to remain a felony, along with consumption, they would have said so." (*Ibid.*)

In *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted August 12, 2020, S262935 (*Whalum*), and *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted October 14, 2020, S264339 (*Herrera*), the courts agreed with *Perry* and disagreed with *Raybon.* These cases apply substantially similar reasoning, including that "pertaining to smoking or ingesting" must include possession. (*Whalum,* at pp. 11-12; *Herrera,* at p. 991.) The plain meaning of "pertaining to" is broad and relational, not an exact correspondence. (*Whalum,* at pp. 11-12; *Herrera,* at p. 991.) And the other exceptions in section 11362.45 use more precise language, such as "prohibiting" or "making it unlawful," confirming the relational nature of "pertaining to." (*Whalum,* at pp. 11-12; *Herrera,* at pp. 991-992.) Further, there was no statute specifically making it a crime to smoke or ingest cannabis in a correctional institution. (*Whalum,* at p. 13; *Herrera,* at p. 992.) This confirms the voters' intent to exempt provisions prohibiting possession in prison, such as Penal Code section 4573.6, from Proposition 64's decriminalization. (*Whalum,* at p. 13; *Herrera,* at p. 992.) *Herrera* also adopted *Perry*'s analysis about Proposition 64's modifications to division 10.[4] (*Herrera,* at pp. 994-995.) Finally, both

---

[4] *Whalum* examined Proposition 64's effect on Penal Code section 4573.8, which prohibits possession of all drugs and alcohol within correctional institutions. This section

6

cases also agreed with *Perry* that if there is any ambiguity, the lack of references to reform of cannabis possession in prison in the voter guide or other information provided to voters confirms Proposition 64 did not decriminalize cannabis possession in prison. (*Whalum,* at pp. 14-15; *Herrera,* at p. 993.)

We conclude the analysis in *Perry*, *Herrera*, and *Whalum* better conforms to the plain language of Proposition 64. The specific inclusion of "smoking or ingesting" in section 11362.45, subdivision (d) cannot be analyzed in a vacuum. These words are modified by "pertaining to," which most clearly indicates a relational list, not an exhaustive list. So focusing on "smoking or ingesting" would require ignoring the import of "pertaining to." And disallowing section 11362.45, subdivision (d)'s application to "possession" would render this provision surplusage because there are no laws specifically addressing smoking or ingesting in prison. Though it may have been clearer to specifically include the word "possession" and all other possible acts "pertaining to" smoking and ingesting, it was not necessary to do so because of the wide reach of "pertaining to."

Finally, Proposition 64's modifications to division 10 did not eliminate Penal Code section 4573.6's prohibition against cannabis possession in prison. This can best be understood by contrasting our opinion in *People v. Fenton* (1993) 20 Cal.App.4th 965, a case defendant asserts we must follow. There, a prisoner was convicted for violating Penal Code section 4573, which proscribes smuggling into jail a controlled substance, "the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code." (Pen. Code, § 4573, subd. (a).) The prisoner brought a controlled substance into prison, but he had a prescription for it and section 11350, subdivision (a) permits possession of a controlled substance "upon the written

_____

does not incorporate division 10 so Proposition 64's effect on division 10 was not relevant in *Whalum*. (*Whalum, supra*, 50 Cal.App.5th at pp. 9-10, review granted.)

7

prescription of a physician."  Overturning the conviction, the court reasoned "the reference to division 10 must include the prescription exception because [Penal Code] section 4573 imports the prohibition against possession of controlled substances not the list of controlled substances."  (*Fenton,* at p. 969.)  Therefore, Penal Code "[s]ection 4573 permits controlled substances to be in penal institutions under proper circumstances."  (*Fenton,* at p. 969.)

This reasoning is inapposite here because section 11362.45, subdivision (d), specifically excludes application of Proposition 64's decriminalization provisions in prison, and therefore excludes its modifications to division 10.  So here, possession of cannabis in prison is not a " 'proper circumstance[].' "  (*Perry, supra*, 32 Cal.App.5th at p. 894 [contrasting *Fenton*]; *Herrera, supra*, 52 Cal.App.5th at p. 994 [same], review granted.)  Ultimately, we do not believe the voters intended to eliminate felony liability under Penal Code section 4573.6 through elimination of an infraction in section 1357 without saying so and in contradiction to the plain language of the enacted statutory provisions.  (C.f. *People v. Buford* (2016) 4 Cal.App.5th 886, 903 ["Had voters intended to permit retention of an indeterminate term only in extraordinary cases, they would have said so in subdivision (f) of section 1170.126, rather than employing language that affords courts broad discretion to find dangerousness."].)

DISPOSITION

The judgment is affirmed.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.