Filed 1/28/22  P. v. Stranger CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092767 |
| v. | (Super. Ct. No. NCR73171) |
| PAUL ARCHIE STANGER, | |
| Defendant and Appellant. | |

In 2008, defendant Paul Archie Stanger pleaded guilty to illegal sale of marijuana. In November 2016, voters passed the Control, Regulate and Tax Adult Use of Marijuana Act.  (*People v. Boatwright* (2019) 36 Cal.App.5th 848, 853.)  One aspect of the act is permitting those convicted of marijuana-related felonies to apply to have their convictions redesignated as misdemeanors.  (*People v. Laird* (2018) 27 Cal.App.5th 458, 463; see Health & Saf. Code, § 11361.8, subds. (e) & (f).)[1]  In 2020, the Department of Justice (DOJ) identified defendant as potentially eligible for redesignation of his sentence

---

[1]  Undesignated statutory references are to the Health and Safety Code.

1

to a misdemeanor. On June 29, 2020, the People filed a challenge to the redesignation, arguing defendant is not eligible; but they mistakenly filed it in another of defendant's criminal cases, one that did not involve a marijuana conviction. A month later, on July 29, 2020, the People filed an amended challenge to redesignation, this time in the correct case. After considering the People's challenge, the trial court denied the redesignation, finding that defendant had actual notice of the challenge.

Defendant now contends the trial court acted in excess of its jurisdiction because the People did not "file" their challenge in the correct case until after the statutory deadline. But because the statute only required the People to "inform" the trial court and defendant of the challenge by the deadline, and the People did so, we will affirm the trial court's order.

## BACKGROUND

In 2008, defendant pleaded guilty to sale of marijuana (§ 11360, subd. (a)) and was sentenced to three years in prison. Due to subsequent changes in the law, those convicted of marijuana-related felonies may now be eligible to have their convictions redesignated as misdemeanors. (*People v. Laird, supra*, 27 Cal.App.5th at p. 463; § 11361.8, subds. (e) & (f).)

Section 11361.9 provides in pertinent part: "(a) On or before July 1, 2019, the [DOJ] shall review the records in the state summary criminal history information database and shall identify past convictions that are potentially eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation pursuant to Section 11361.8. The [DOJ] shall notify the prosecution of all cases in their jurisdiction that are eligible for recall or dismissal of sentence, dismissal and sealing, or redesignation. [¶] (b) The prosecution shall have until July 1, 2020, to review all cases and determine whether to challenge the recall or dismissal of sentence, dismissal and sealing, or redesignation. [¶] (c) [¶] . . . [¶] (3) On or before July 1, 2020, the prosecution shall inform the court and the public defender's office in their county when

2

they are challenging a particular recall or dismissal of sentence, dismissal and sealing, or redesignation. The prosecution shall inform the court when they are not challenging a particular recall or dismissal of sentence, dismissal and sealing, or redesignation. [¶] . . . [¶] (d) If the prosecution does not challenge the recall or dismissal of sentence, dismissal and sealing, or redesignation by July 1, 2020, the court shall reduce or dismiss the conviction pursuant to Section 11361.8."

DOJ identified defendant as potentially eligible for redesignation of his sentence to a misdemeanor pursuant to section 11361.8. On June 29, 2020, the People filed a challenge to the redesignation, arguing defendant has a prior conviction of a designated felony requiring registration, namely Penal Code section 314, indecent exposure, and is therefore ineligible for redesignation. But the People mistakenly filed the challenge in another of defendant's criminal cases, NCR93900, instead of the correct case, NCR73171.[2] The other case did not involve a marijuana-related conviction. The People served both defendant and his counsel of record at their last known addresses.

On July 29, 2020, the People filed an amended challenge to redesignation, reasserting the argument that defendant is ineligible for redesignation, and again serving both defendant and his counsel of record at their last known addresses. The trial court accepted the People's challenge as timely and after receiving briefing on the issue, denied the redesignation. The trial court found that defendant received actual notice of the People's challenge, albeit for the wrong case, and the People's error did not divest the trial court of jurisdiction.

## DISCUSSION

Defendant argues the July 1, 2020 deadline under section 11361.9 established a statute of limitations before which the People were required to file a challenge in the

---

[2] The People filed a request for judicial notice concerning this document. The request is granted.

appropriate case. According to defendant, because the People filed their challenge in the proper case after the July 1, 2020 deadline, the trial court acted in excess of its jurisdiction by considering the challenge and denying the redesignation.

This is a question of statutory interpretation, which we review de novo. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66.) "Under fundamental rules of statutory construction, we must ascertain the intent of the Legislature, or the electorate, from examining the statute as a whole in order to effectuate the purpose of the law." (*People v. Saelee* (2018) 28 Cal.App.5th 744, 752.) "Because the statutory language is generally the most reliable indicator of that intent, we look first at the words themselves, giving them their usual and ordinary meaning and construing them in context. [Citation.] If the plain language of the statute is clear and unambiguous, our inquiry ends, and we need not embark on judicial construction. [Citations.]" (*People v. Johnson* (2002) 28 Cal.4th 240, 244.)

We conclude the language of section 11361.9 concerning the prosecution's challenge to redesignations is clear and unambiguous. Contrary to defendant's assertion, the statutory language does not require the prosecution to "file" a challenge with the trial court by July 1, 2020; rather, it directs the prosecution to "inform" the trial court and the public defender's office no later than July 1, 2020 of a challenge. According to Merriam-Webster, "inform" means "to communicate knowledge to." (Merriam-Webster Dict. Online (2022) <https://www.merriam-webster.com/dictionary/inform> [as of Jan. 26, 2022].) The language in subdivision (d) requires that if the prosecution does not "challenge" the redesignation by July 1, 2020, the court shall reduce the conviction. (§ 11361.9, subd. (d).) Merriam-Webster states that the word "challenge" means "to dispute . . . ." (Merriam-Webster Dict. Online (2022) <https://www.merriam-webster.com/dictionary/challenge> [as of Jan. 26, 2022]; see *People v. Murphy* (2001) 25 Cal.4th 136, 159 [the Legislature knows how to use language to clearly express its intent].)

4

Here, the prosecution gave notice to defendant's counsel of record (as Tehama County has no county-level public defender's office), defendant himself, and the trial court that it challenged defendant's eligibility for redesignation. While the notice had the wrong case number on it, the case with the erroneous filing did not involve a marijuana-related conviction. The trial court, defendant, and defendant's counsel were all "informed" that the prosecution challenged a redesignation of defendant's marijuana-related conviction. We agree with the trial court that defendant and the trial court had sufficient notice of the challenge before July 1, 2020, in compliance with the requirements of section 11361.9.

## DISPOSITION

The order denying redesignation is affirmed.


         /S/
         MAURO, J.


We concur:


     /S/
ROBIE, Acting P. J.


     /S/
RENNER, J.