Filed 6/23/21  P. v. Turner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERALD TURNER,<br><br>Defendant and Appellant. | F080803<br><br>(Super. Ct. No. VCF353621B)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Byron C. Lichstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Smith, Acting P.J., Snauffer, J. and DeSantos, J.

Defendant Gerald Turner appeals the denial of his motion for sentence modification, requesting that his one-year prior prison term enhancement be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). Defendant acknowledges that his judgment was final for purposes of *In re Estrada* (1965) 63 Cal.2d 740 before the effective date of Senate Bill 136. However, he contends the equal protection clauses of the state and federal constitutions compel conferral of the ameliorative benefit of Senate Bill 136 upon all defendants, regardless of whether their convictions are final on appeal. The People argue that the order denying defendant's motion is not appealable and also disagree on the merits. We agree with the People on both accounts. We therefore dismiss defendant's appeal.

## PROCEDURAL SUMMARY

On July 26, 2017, the Tulare County District Attorney filed an amended complaint charging defendant with pandering by procuring a minor (§ 266i, subd. (b)(1); counts 6 & 10), pimping a minor (§ 266h, subd. (b)(2); count 7), and human trafficking of a minor for a sex act (§ 236.1, subd. (c)(1); counts 8, 9 & 11). The amended complaint further alleged defendant had suffered two prior serious felony "strike" convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and served two prior prison terms (§ 667.5, subd. (b)).

On January 16, 2018,[2] Defendant pled guilty to counts 8 and 11 and admitted a prior strike conviction and two prior prison terms. Defendant's prior prison terms were served for convictions of escaping from prison (§ 4530, subd. (b)) and possession of controlled substances in prison (§ 4573.6). On February 26, the trial court sentenced defendant to a term of 22 years in prison as follows: on counts 8 and 11, 10 years (the

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

[2]     All further dates refer to the year 2018 unless otherwise stated.

low term of five years doubled due to the prior strike conviction) plus a one-year prior prison term enhancement. The sentence on count 11 was ordered to be served concurrently to the sentence on count 8.[3]

On January 13, 2020, defendant filed a motion to modify his sentence pursuant to Senate Bill 136. On January 22, 2020, the trial court denied his motion because his conviction was "final prior to the enactment of S[enate] B[ill] 136."

On February 19, 2020 defendant filed a notice of appeal.[4]

## FACTUAL SUMMARY

In November 2016, 16-year-old F.B. and 15-year-old G.M. met defendant and a codefendant at a mall in Bakersfield. Defendant told F.B. how pretty she was, and that he would buy her things and take care of her. On the same day, defendant and the codefendant took F.B. and G.M. to a hotel where defendant had them pose seductively in their underwear while he took pictures of them. While at the hotel, F.B. and G.M. met D.S., who taught them how to engage in commercial sex acts. G.M. did not perform any commercial sex acts and left the hotel before F.B. F.B. stayed with defendant and the codefendant for two or three days. While at the hotel, F.B. engaged in two or three commercial sex acts.

## DISCUSSION

### Senate Bill 136

Defendant argues his prior prison term enhancement must be stricken based on the retroactive application of Senate Bill 136 and equal protection principles. We disagree.

---

[3] On April 18, the trial court issued an amended abstract of judgment, reflecting that only one prior prison term enhancement was imposed.

[4] Defendant's original notice of appeal listed an incorrect case caption and failed to specify the date and title of the order appealed from. On April 27, 2020, defendant filed a motion seeking to correct those deficiencies. On August 13, 2020, after permitting the People to respond, we granted defendant's motion.

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada*, *supra*, 63 Cal.2d at p. 742.)

Here, defendant's prior prison terms were served on convictions of escaping from prison (§ 4530, subd. (b)) and possession of controlled substances in prison (§ 4573.6) neither of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). However, as defendant acknowledges, his case was final before January 1, 2020. Therefore, pursuant to *Estrada*, defendant was not entitled to the benefit of Senate Bill 136.

"When an amendatory statute either lessens the punishment for a crime or … ' "vests in the trial court discretion to impose either the same penalty as under the former law or a lesser penalty," ' it is reasonable for courts to infer, absent evidence to the contrary and as a matter of statutory construction, that the Legislature intended the amendatory statute to retroactively apply to the fullest extent constitutionally permissible—that is, to all cases not final when the statute becomes effective." (*People v. Garcia* (2018) 28 Cal.App.5th 961, 972, italics omitted.) "Retrospective application of a new penal statute is an exception to the general rule … which bars retroactive application of new Penal Code statutes unless the Legislature has expressly provided for such application." (*People v. Arredondo* (2018) 21 Cal.App.5th 493, 506.) Moreover, " 'in the absence of an express retroactivity provision … [or] unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final." (*People v. Martinez* (2018) 4 Cal.5th 647, 655.) The Legislature did not add a provision

making Senate Bill 136 retroactively applicable to final judgments. (See *People v. Griffin* (2020) 57 Cal.App.5th 1088, 1104 (Reardon, J., concurring).) Therefore, we conclude the Legislature did not intend Senate Bill 136 to apply to final judgments.

Nevertheless, defendant contends that he is entitled to relief because "it would violate equal protection to apply the law to people whose convictions are not final, but to refuse to apply it to people in appellant's position merely because their convictions are final." Defendant is mistaken—equal protection principles do not require Senate Bill 136 to apply retroactively to final judgments and, in any event, this appeal is not the proper vehicle to raise that argument.

Defendant's claim that equal protection principles compel application of Senate Bill 136 to final judgments does not change our decision. As we explained in *People v. Baltazar* (2020) 57 Cal.App.5th 334, 341, with respect to Senate Bill No. 620:

> " 'The right to equal protection of the law generally does not prevent the state from setting a starting point for a change in the law. "[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time." [Citation.] The same rule applies to changes in sentencing law that benefit defendants.' [Citations.]

> " 'A criminal defendant has no vested interest " 'in a specific term of imprisonment ….' " ' [Citation.] '[E]qual protection of the law is denied only where there is no "rational relationship between the disparity of treatment and some legitimate governmental purpose." [Citation.] In other words, the legislation survives constitutional scrutiny as long as there is " 'any reasonably conceivable state of facts that could provide a rational basis for the classification.' " [Citation.] This standard of rationality does not depend upon whether lawmakers ever actually articulated the purpose they sought to achieve. Nor must the underlying rationale be empirically substantiated. [Citation.] While the realities of the subject matter cannot be completely ignored [citation], a court may engage in " 'rational speculation' " as to the justifications for the legislative choice [citation].' "

Modifying sentences for all final convictions including prior prison term enhancements based on nonsexually violent offenses would result in a significant

expenditure of judicial resources. That explanation alone provides a rational basis for the Legislature's decision to make relief pursuant to Senate Bill 136 available to defendants whose convictions are not final but denying the same relief to defendants whose convictions are final. Indeed, defendant cites to no case that has found an equal protection violation arising from the timing of the effective date of a statute lessening a criminal punishment, nor has our research yielded any such case. (See *People v. Floyd* (2003) 31 Cal.4th 179, 188 [acknowledging that the effective date of all legislation is arbitrary but rejecting an equal protection claim on that basis].)[5]

In sum, Senate Bill 136 applies only to cases not final on appeal on the effective date of the enactment. That limitation does not violate equal protection principles.

### The Trial Court Lacked Jurisdiction Over Defendant's Motion

Ameliorative amendments to the law do not grant a trial court jurisdiction to resentence a defendant whose judgment is final without explicit statutory authority. (See *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135 ["Senate Bill No. 620, however, does not contain language authorizing resentencing of convictions after they became final. And absent any new authority to resentence defendant under Senate Bill No. 620, the trial court lacked jurisdiction to grant defendant's resentencing request."]; *People v. Johnson* (2019) 32 Cal.App.5th 938, 941–942 [same].) No such explicit statutory

---

[5]     Our Supreme Court has generally recognized that the Legislature has a rational reason for refusing to make new laws that reduce criminal sentences fully retroactive— namely, "to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." (*In re Kapperman* (1974) 11 Cal.3d 542, 546.) Consequently, " '[a] reduction of sentences only prospectively from the date a new sentencing statute takes effect is not a denial of equal protection.' " (*People v. Floyd*, *supra*, 31 Cal.4th at p. 189.) Defendant contends that rationale does not apply here because "the [L]egislature … explicitly renounced the deterrent effect of the previous [prior] prison … [term] enhancement." We need not resolve defendant's contention because he has failed to negate every conceivable basis that might support the disputed statutory disparity. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.)

authority was included in Senate Bill 136—and, as we have explained, equal protection principles do not compel such a procedure—so the trial court was without jurisdiction over defendant's motion. (Cf. §§ 1170.126 [creating a procedure for recall of final sentences affected by modifications to the Three Strikes law], 1170.18 [creating a procedure for reduction of final felony convictions to misdemeanors].)

" '[T]he right of appeal is statutory and … a judgment or order is not appealable unless expressly made so by statute.' " (*People v. Mazurette* (2001) 24 Cal.4th 789, 792.) Defendant claims his right to appeal stems from section 1237, subdivision (b), which permits a defendant to appeal "from an order made after judgment, affecting the substantial rights of the [party]." However, "[a]n order denying a motion the court lacks jurisdiction to grant does not affect a defendant's substantial rights." (*People v. Alexander* (2020) 45 Cal.App.5th 341, 344.) "Any appeal from such an order must be dismissed." (*Id*. at p. 344.)

Senate Bill 136 did not grant trial courts jurisdiction to modify final judgments. The order denying defendant's motion is therefore not appealable and defendant's appeal must be dismissed. Defendant's equal protection claim is without merit and does not compel a contrary result.

## DISPOSITION

Defendant's appeal is dismissed.